THE CITY OF OTTAWA, and GEORGE H. WALKER, Plaintiffs in Error, *v.* THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Defendant in Error.

### ERROR TO LA SALLE.

Where a city charter gives opportunity to make objections to an assessment before the city council, where power is vested over the subject, and this opportunity is neglected, it will be held that all objections are waived.

If proper notice of the proceedings in relation to the assessment is not given, the party aggrieved should bring the record before the Circuit Court by *certiorari.*

A complete remedy at law being within the power of an aggrieved party, a court of equity should not take jurisdiction, because there are irregularities, or even a want of compliance with some material requirements of the law, connected with the assessment.

THE defendants in error filed their bill in chancery, which alleges that the complainants are an incorporated company and own a railroad track and the land on which it is built, a part of which is located in the city of Ottawa.

That the city council of said city ordered a sewer to be constructed in said city, and the sum of $4,200 to be assessed upon the real estate in the natural division of the city benefited thereby, to defray the expenses of such improvement.

That on the 2nd day of March, 1858, the city council appointed three commissioners to assess said sum on the real estate benefited as aforesaid.

That said commissioners caused to be published in the *Ottawa Free Trader*, a weekly newspaper published in said city of Ottawa, the following notice: "Public notice is hereby given to all persons interested, that the undersigned commissioners, appointed by the city council of the city of Ottawa, to assess the sum of four thousand two hundred dollars on the real estate in that part of the city by us deemed benefited by the construction of a sewer commencing at the south side of the Illinois and Michigan Canal, in the centre of Pine street, and running thence south, through and under the centre of said street, to a point at or near the north line of lot eight (8) in block seventy-two (72), in State's Addition to Ottawa, thence easterly to the east line of said block, will meet at the office of said city clerk, in

said city, on Monday, the 22nd day of Marchi nst., at the hour of ten o'clock, A. M., for the purpose of making said assessment;" and that said notice was signed by said commissioners and published in the newspaper aforesaid, on the 13th and 20th days of March, A. D. 1858.

That no other notice was ever given by the said commissioners that they would meet on the 22nd day of March to make such assessment.

That on the said 22nd day of March, the said commissioners met and adjourned until the 23rd day of March, 1858, and continued to meet and adjourn from day to day until the 27th day of March, 1858, when they again met pursuant to adjournment, and adjourned until the 29th day of March, 1858, and on the said 29th day of March, they again met pursuant to adjournment and assessed said sum of $4,200 on the real estate in said city by them deemed benefited by the construction of said sewer, and returned the assessment roll by them prepared, to the city clerk of said city.

That the said city clerk caused to be published in said newspaper the following notice: " Public notice is hereby given to all persons interested, that the commissioners appointed by the city council of the city of Ottawa, to assess the sum of four thousand two hundred dollars on the real estate benefited by the construction of a main sewer commencing at the south side of the Illinois and Michigan Canal, in the centre of Pine street, and running thence south through and under the centre of said street, to a point at or near the north line of lot eight (8) in block seventy-two, in State's Addition to Ottawa, thence easterly to the east line of said block, have completed their assessment, and made returns thereof to my office. Any person wishing to appeal from said assessment, must file their objections in writing in my office, on or before Tuesday, the 4th day of March, A. D. 1858, at 7 o'clock, P. M., as the city council will at that time, at the council room, hear all objections to the assessment, and confirm or amend the same."

That the said notice was published in said newspaper three successive weeks, the first publication being on the seventeenth April, 1858.

That on the said 4th day of March, 1858, said city council met, and by a vote of the same, the consideration of the said assessment was laid over until the 11th day of May, 1858, and on said 11th day of May the same was again laid over by a vote of said council until the 18th day of May, 1858, and on the said 18th day of May, 1858, the same was again laid over until the 25th day of May, 1858, by a vote of said city council, and on said 25th day of May, said city council did not meet, or

take any action upon said assessment. That on the 1st day of June, 1858, said assessment roll and the objections thereto were, by a vote of said city council, referred to a select committee of said council, who were ordered to report thereon at the next meeting of said council ; and on the 8th day of June, the same being the day of the said next meeting, said committee made their said report, and by the same stated that they had reduced the said assessment by remitting the sum of $40 of said assessment on lot 7, in block 72, State's Addition to Ottawa, and the sum of $20 on said assessment on lot 10, block 72, in said State's Addition. That on said last named day, said city council accepted said report, and confirmed the said assessment as revised by the said committee, and ordered a warrant for the collection of the same, to be issued by the city collector, returnable within sixty days from the date of the issuing thereof.

That on the 18th day of June, 1858, a warrant issued under the hand of the mayor of said city, and under the seal of said city, for the collection of said assessment, which was attached to said assessment roll, and was then and there delivered to the said city collector. That the complainant is the owner of a railroad and road way, together with other real estate, situated in said city, which are included in said assessment roll, and upon which a portion of said sum is assessed by said commissioners.

That said railroad track is built upon an embankment raised upon said real estate, and that said real estate is used for no other purpose.

That the city collector of said city is about to levy upon and sell goods and chattels of complainant for the payment of the sum so assessed on real estate of complainant.

Prays that the defendants may be compelled to answer the bill, but not under oath, which is waived ; that said city collector may be restrained, by writ of injunction, from collecting such assessment ; and that said injunction be made perpetual.

Injunction issued Aug. 16th, 1858.

The answer of defendants, among other things, alleges that the notice given by said city clerk was and is in the exact form prescribed by an ordinance of said city, approved March 1st, 1854.

That the complainant did not appeal to the city council in writing, or file an appeal in clerk's office within ten days after the *first* publication of said notice ; and concludes with a general denial of the bill.

At the November term, 1858, of said Circuit Court, the defendants moved to dissolve the injunction, and afterwards, at said term, the court overruled said motion, and the cause

having been brought on for final hearing, upon bill and answer, the court made an order and decree making said injunction perpetual.

The errors assigned are, that the court erred in overruling the motion to dissolve said injunction, and in rendering said final decree, making said injunction perpetual.

D. P. JONES, for Plaintiffs in Error.

B. C. COOK, for Defendant in Error.

BREESE, J. This is a writ of error to bring before this court the decree of the Circuit Court of LaSalle county, sustaining an injunction obtained by the defendants against the collection of an assessment levied by the city of Ottawa on the property of the defendants to defray the expenses of constructing a sewer in said city, and making the injunction perpetual. The proceedings on the part of the city appear to be fair and regular, and in conformity with their charter, and the notice given to persons interested is in conformity with the ordinance of the city on that subject.

As we said in the case of *McBride* v. *The City of Chicago*, 22 Ill. 577, which is like this, so we now say, that by the charter of the city of Ottawa, ample opportunity was given to the defendants to be heard as to their objections, legal or equitable, before the city council on the return by the commissioners of the assessment, who can revise and correct the assessment, or confirm or annul it in their discretion, and direct a new assessment to be made. If a party lies by, having notice, and fails to present his objections to the city council, he must be held in a court of equity to have waived all irregularities, and cannot in that court have a hearing which he has failed to avail of at law. If, as seems to be complained, by reason of the general terms in which the notice to persons interested in the assessment was published, and thereby the party had not notice, when the proceeding did come to his knowledge, he could have removed the record of the proceedings from before the city council to the Circuit Court by *certiorari*, and if they were defective in a substantial matter they would be quashed. An ample and complete remedy at law being within the power of the party, a court of equity ought not to take jurisdiction for these irregularities or even for want of a compliance with some material requirement of the law.

The Circuit Court should have dissolved the injunction and dismissed the bill, and that will be the order and decree of this court.

In the case at law between the same parties, and submitted with this case, wherein the same questions are involved, the judgment of the court below is reversed and the cause remanded, so that the city may proceed to collect the assessments.

*Decree reversed.*

