SAMUEL KAHN, Appellant, v. THE OLD TELEGRAPH MINING COMPANY et al., Respondents.

1. ALLEGATIONS AND PROOFS ON MOTION FOR INJUNCTION.—The rule that the proofs must correspond with the allegations applies to the trial of a cause on its merits, and does not apply to proceedings on a motion for an injunction, when the answer is regarded simply as an affidavit.

2. INJUNCTION AGAINST TENANTS IN COMMON.—Where the defendant is in the possession of a mining claim, and is the undisputed owner of two-thirds thereof, and claims the entire property under a *bona fide* claim of title, and is pecuniarily responsible for all damages that plaintiff, his co-owner, may sustain by reason of the working of the mine, an injunction will not be granted.

3. RIGHT OF CO-TENANT TO INJUNCTION.—As a general rule, the owner of a minor interest in a mining claim, out of possession, is not entitled to an injunction against the owner of the major part thereof, who is in possession and working the whole thereof, where it does not appear that the party so in possession is unable to respond in damages to the party out of possession.

4. INJUNCTION FOR ACTS ALREADY DONE.—An injunction is a preventative remedy only and cannot be invoked to restrain a party from doing an act which he has already done. In such a case a party must be remitted to his remedy at law.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the Court.

*Robertson & McBride*, and *Hoffman*, for appellant.

"Each party must allege any fact which he is required to prove, and is precluded from proving any fact not alleged," is a fundamental rule, as old as the history of pleading, and is no where more strictly enforced than under the Code. *Green* v. *Palmer*, 15 Cal. 411.

The court will see that the fact that the defendants own the " No You Don't " mine, though admitted, could not help their case. There is no conflict between the two claims which could

be made the subject of a protest. Such a protest, if made, would be disregarded.

The precise question has arisen and been decided by the Commissioner of the General Land Office. The conflict, if any, in this case is "under ground." Copp's Mining Decision, pp. 27, 28, 29.

The surface ground of the "Montreal" is not pretended to be claimed by the "No You Don't," and yet its pretended owners drive us from premises they do not have a pretense or shadow of claim to; take possession of not only the ore, but all our works and improvements; appropriate them to their use in despoiling our mine, as we say—in working theirs, as they say—and the court tells us they shall not be enjoined.

The Mining Act provides that a party may follow his lode in its dip to any depth, though it may enter the land adjoining, but it specially preserves the right of adjoining occupants to anything except the lode. Section 3, last paragraph.

Recent mining decisions show that the Department will patent a lode which lies underneath a town site, and the patentee may work his lode, but he cannot enter the houses of town lot proprietors, or any other improvements situated in or on the land, and is as much a trespasser in doing so as the most perfect stranger; such are the decisions.

The burden of proof is on the defendants. They allege the identity, and must prove it or fail in their defense. The most that can be said for the defendants is that they leave the question an open and doubtful one.

The rule in such cases is, that the party most liable to be injured should have the injunction to protect his rights pending the litigation. 18 Cal. 206; 23 Cal. 85.

The first care of a court of equity is to preserve property intact pending litigation as to the title. 13 Cal. 588; 15 Cal. 107; 34 Cal. 270; 14 Cal. 379–460.

The statute is mandatory. Sec. 112 *et seq.*

*Bennett & Harkness,* for respondents.

On motion for or to dissolve interlocutory injunction, answer regarded as *affidavit*. High, Sec. 989, 981; *Falkenburg* v. *Lucy*, 35 Cal. 52; *Delger* v. *Johnson*, 44 Cal. 182.

On question of title, affidavit not admissible to contradict answer. High, 992.

Granting or refusing an injunctional order rests largely in the discretion of the court. 17 Cal. 102; 39 Cal. 157; 50 Cal. 344.

SCHAEFFER, Chief Justice, delivered the opinion of the court:

This is an appeal from an order of the Third District Court denying or refusing a motion for a preliminary injunction made by appellant. The complaint contains two causes of action: One, at law, for the recovery of the possession of an undivided one-third of the Montreal mining claim; and the other an equitable cause of action, asking for an accounting and an injunction. The latter, or equitable cause of action, is the only one now before us for review. The hearing in the district court was upon an order to show cause why an injunction, *pendente lite*, should not be granted. The court below refused the injunction and dissolved the restraining order previously granted. These rulings of the court are assigned for error.

The plaintiff claims an undivided one-third interest in the Montreal mining claim as a *bona fide* purchaser from the locators thereof; and the defendant, The Old Telegraph Mining Company, claims the whole of it, by virtue of a purchase in good faith from the locators of the No You Don't mining claim, which is confessedly the older location of the two. The proof shows (see Holden's affidavit, p. 100 of transcript) that on the 3d day of April, 1876, the defendants, The Old Telegraph Mining Company, "to avoid litigation or being harrassed by adverse claims," etc., purchased and received a deed from the owners of the alleged Montreal mining claim to two-thirds of said Montreal mining claim. This is not denied by the proof, and was admitted by the plaintiff's attorney in the

argument.  The plaintiff's attorney takes the position that as this claim of a two-thirds interest was not set up in the answer, the defendants cannot avail themselves of it by proof; *i. e.*, that the proof must correspond with the allegations in the pleadings. This is admitted to be the rule on the trial of the merits of a case, but does not apply in the case at bar.   For the purposes of this motion the answer is regarded simply as an affidavit, and does not prevent the presentation of other affidavits setting up other and different causes for the refusal of the writ prayed for.   *Falkenburg et al.* v. *Lucy et al.*, 35 Cal. 52; *Delger* v. *Johnson*, 44 Cal. 182.

The plaintiff asks for an injunction upon the ground that he is the owner and entitled to the possession of one-third of the Montreal mining claim; and that the defendants unlawfully entered upon the same, ousted the plaintiff therefrom, and are taking the ore from it, and are thus rendering it valueless, and inflicting an irreparable injury upon the plaintiff.   The defendants resist the application for an injunction upon two grounds.   First, They deny the ownership and right to the possession of plaintiff to one-third of said Montreal claim, and allege that the defendant owns the whole thereof, it being a part of the No You Don't claim, of which the defendant is the owner and the possessor.   And, secondly, because the defendant is the owner of two-thirds of the said Montreal claim, by purchase from the co-owners of plaintiff, and therefore the defendant has the better right to the possession thereof.   The truth or otherwise of the former resisting proposition depends entirely upon the continuity of the vein or lode from the No You Don't discovery point to the Montreal lode, where the injury is charged to be committed and threatened.   This appears to have been the main question litigated in the court below, and nearly all the affidavits presented by the respective parties bear upon this point.   The proof upon this point is so conflicting that it would require a very close investigation to determine on which side the greater weight was, a task which, we think, this court could not properly

Samuel Kahn v. The Old Telegraph Mining Company et al.

assumed in the case at bar. The title to the property is seriously and apparently *bona fide* in dispute. The defendant is in possession under such claim of title. It does not appear that the defendant is insolvent or pecuniarily unable to respond to any damages the plaintiff may sustain. Nor does it appear but that the defendant would, by being enjoined, sustain as great or greater an injury as the plaintiff can sustain by the refusal of the writ. Under these circumstances, we think the court did right in refusing the injunction and in dissolving the restraining order previously granted. High on Injunctions, §§ 261–262; Schlect's Appeal, 60 Pa. St. 172; *City of Ottawa* v. *Chicago & R. I. R. R. Co.*, 25 Ill. 43.

The facts alleged in support of the second resisting proposition are not disputed by the proof; but the conclusion drawn from those facts is disputed by the plaintiff. Relief by injunction will sometimes be allowed between tenants in common, for the purpose of preserving the estate and preventing serious injury; and such relief can, with propriety, be invoked more frequently in reference to mining claims than any other rights in or to real estate, owing to the peculiar character or nature of the property in question; but we are not advised of any authority which holds that the party confessedly owning the major part of the mines, and possessing and working it in the ordinary way, was enjoined from so possessing and working it, at the instance of the party owning the minor part thereof, without making it to appear, that the party possessing and working the mine was unable to pay the damages that might be awarded against him for his wrongful acts in excluding the other from the benefits of such mine; and, as a matter of principle, *such cannot be the law.*

The position taken by the attorneys for the plaintiff, that under the mining laws the owners of the No You Don't lode can only follow such *lode* outside of their surface location as provided by such laws; but they cannot legally appropriate to their use the surface, the tunnels, improvements, workings, and avenues of access to such lode outside of the No You

Don't claim, is doubtless true; but that their having so appropriated the same, is good cause for an injunction, does not necessarily nor properly follow.

An injunction is a preventive remedy only, and cannot be invoked to restrain a party from doing an act which he has already done. In such a case, the party injured must be remitted to his remedy at law, which is, in every respect, competent to afford adequate relief. *Vangelin et al.* v. *Goe*, 50 Ill. 459.

Viewing this case from every standpoint which we have been able to take, we are clearly of the opinion that the District Court, in refusing the injunction and dissolving the restraining order, did not only not abuse the discretionary power which it was called upon to exercise, but that it acted in strict conformity with the principles of law and equity applicable to the case.

The order of the District Court is affirmed.

EMERSON, J., concurs.