LUTHER BEECHER v. THE CITY OF DETROIT.

[See 75 Mich. 454.]

*Municipal corporations—Public improvements—Assessment for benefits.*

1. A street-opening statute which provides that the just proportion of the compensation to be awarded shall be assessed upon the owners or occupants of the real estate deemed to be benefited, and that the assessment shall be a continual lien upon the premises, contemplates that the assessment is to be laid upon the land.

2. A street-opening statute provided for the assessment and levy of the tax according to the charter provisions for collecting the expense of a public improvement *when a street is graded*, which italicized words were omitted from the resolution of the council directing the assessment. And it is held that the omission was not material, as the grading of streets is a public improvement, and the proceeding was in strict accordance with such provisions.

3. A statute which authorizes the common council, if they believe that a portion of the city in the vicinity of a proposed improvement will be benefited thereby, to determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited, and to determine the district or portion of the city so benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein, which amount shall be assessed in proportion, as nearly as may be, to the advantage which such lot or parcel is deemed to acquire by the improvement, does not mean that the entire amount of the compensation awarded may be assessed upon the district so designated, whether justly or unjustly, nor does it confer an arbitrary power upon the council; and such form of taxation has been repeatedly held valid, and the discretionary power is properly lodged in the council; citing *Detroit v. Daly,* 68 Mich. 509.

4. The public at large and the lands of private individuals may both be benefited by a public improvement; and in determining the question of its necessity the jury are not necessarily

called upon to determine how much each lot is benefited, and what proportion of the damages each lot shall bear.

5. Where after the assessment roll in a street-opening case has been completed, and the statutory notice of such completion, and that the roll will be open for inspection at the office of the assessing board for the statutory period, has been given, a land-owner appears before the board, through his counsel, he cannot object that the law has not provided that those specially taxed for benefits may be heard.

6. A determination by the council that a certain district is benefited is equivalent to a statement of the belief of the council of such fact.

Appeal from Wayne. (Gartner, J.) Argued April 15, 1892. Decided June 10, 1892.

Bill to restrain the collection of street-opening tax. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Ervin Palmer* (*Henry M. Cheever*, of counsel), for complainant.

*Edward Minock* (*John J. Speed*, of counsel), for defendant.

GRANT, J. The bill in this cause is filed by the complainant to restrain defendant from collecting a tax assessed upon his lands for the purpose of paying a portion of the damages awarded in opening and extending Eleventh street, in said city. The proceedings were instituted under Act No. 124, Laws of 1883. Complainant appealed from the confirmation of the award to this Court. The proceedings were affirmed, except as to three parcels, and a new appraisement ordered as to them. The proper proceedings were taken under this order, and another appraisement had as to these three parcels. The total of the two appraisals was $11,590. The case will be found in 75 Mich. 454. The

total amount of these appraisals was paid by the city, and received by the complainant. He is therefore foreclosed from raising any objections to the regularity of the proceedings.

After those proceedings were concluded, the common council created a special taxing district upon the theory that the real estate within such district was benefited by the improvement, and fixing the amount of such benefit at the sum of $6,000, which was ordered assessed and levied upon the several parcels of land in proportion, as nearly as might be, to the advantage which each parcel was deemed to have acquired by such improvement. The board of assessors of the city were also directed to proceed to make an assessment roll in conformity with the requirements of the charter relating to special assessments for collecting the expense of public improvements, and to assess each parcel, as nearly as might be, in accordance with the amount of benefit to be derived from the improvement. The board of assessors performed their duty, and gave notice, as required by law, that the assessment roll was completed, and would remain in the office of the assessors from the 13th to the 27th of May. Of these proceedings complainant had notice, and it does not appear that he made any objection. At the expiration of the time the board transmitted the assessment roll to the common council, with proof of publication of the notice, and reporting that no one had appeared to object to the roll, or asked any correction thereof. The roll was duly confirmed by the council.

Decree was entered dismissing the bill.

The law provides that, if the common council believe that a portion of the city in the vicinity of the proposed improvement will be benefited thereby, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by

the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and they shall by resolution fix and determine the district benefited, and specify the amount to be assessed thereon. The amount thus ascertained is to be assessed upon the owners or occupants of such taxable real estate in proportion, as nearly as may be, to the advantage deemed to be acquired by the improvement. The assessment, levy, and collection are governed by the provisions of the charter for assessing, levying, and collecting the expense of a public improvement when a street is graded. The assessment is made a lien on the premises on which it is made until payment thereof.

The objections urged against the validity of the tax are these:

1. The tax upon the land is illegal. It should have been assessed as a personal tax.

2. The council directed the assessment to be made in accordance with the charter provisions "relating to special assessments for collecting the expense of public improvements," whereas it should have been made in accordance with the provisions applicable to a public improvement "when a street is graded."

3. The assessment for benefits is not apportioned among the parties benefited upon any principle recognized in the law, but is made upon a basis purely arbitrary, which cannot be justified as an exercise of the taxing power.

4. The assessment of local benefits should have been made by the same jury which condemned the land for public uses, and not by a different body or tribunal.

5. The law does not provide that those specially taxed for benefits may be heard.

6. The common council, in its resolution fixing the taxing district, did not state that it believed that that portion of the city was benefited.

7. Certain portions of the taxing district were not assessed.

1. The first objection is based upon that provision of

the statute providing that the just proportion of the compensation shall be assessed upon the owners or occupants of the real estate deemed to be thus benefited. Construing the statute as a whole, the meaning is not left in doubt. The same section provides that the assessment shall be a continual lien upon the premises. The statute plainly contemplates that the assessment is to be upon the land.

2. The second objection is without merit. The statute says that the tax shall be assessed and levied according to the charter provisions for collecting the expense of a public improvement when a street is graded. The resolution adopted by the council omitted the words "when a street is graded." The grading of streets is a public improvement, and the proceeding was in strict accordance with that provision.

3. The exact provision upon which the third objection is based is as follows:

"If the common council * * * believe that a portion of the city * * * in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and thereupon they shall, by resolution, fix and determine the district or portion of the city * * * benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein. The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate in proportion, as nearly as may be, to the advantage which such lot, parcel, or subdivision is deemed to acquire by the improvement."

The common council complied with this provision in the present case under the power thus conferred on them. The statute does not mean that the entire amount of the compensation awarded may be assessed upon the district,

whether justly or unjustly. I am unable to see the force of the claim that this confers an arbitrary power upon the council. This form of taxation has been repeatedly held valid, and the discretionary power is properly lodged in the council. *City of Detroit v. Daly,* 68 Mich. 509.

4. The law expressly limits the power of the jury in the first instance to the determination of two questions, viz., the public necessity, and the damages to be awarded if the public necessity be found to exist, but confers upon another body the power to assess the damages according to benefits. I see no objection to these provisions. It is urged that a jury, in passing upon the question of the necessity for taking land for a street, must take into consideration not only the public benefit, but the private benefit as well, and that no determination as to the necessity for taking the land will satisfy the constitutional requirement, except as the elements of public and private benefits enter into the problem. Grant this, and it does not follow that the jury do not take both into account in determining the necessity. The public at large and the lands of private individuals may both be benefited by the public improvement. In determining the question of necessity, the jury are not necessarily called upon to determine how much each lot is benefited, and what proportion of the damages each lot shall bear.

5. To determine the fifth objection, we must refer to the charter. Section 37, chap. 11, provides that, after the assessment district is determined, the board of assessors shall proceed to make out a list of all the lots constituting the assessment district, with the names of the owners or occupants of the lots. When the assessment roll is completed the board are required to give notice that the roll is completed, and will remain in their office for 12 days for the inspection of all concerned. At the

expiration of that time the board are required, after any needful revision and correction, to sign and return the roll to the common council. The council may refer it back to the board for further revision and correction. When corrected to the satisfaction of the council, it shall confirm it by resolution. The requisite notice was given, and complainant, through his counsel, appeared before the board. "It is not customary to provide that the tax-payer shall be heard before the assessment is made, but a hearing is given to him afterwards, either before the assessors themselves or before some court or board of review." Cooley, Tax'n (2d ed.), 364. The law gave the complainant a chance to be heard, and he had the opportunity to avail himself thereof.

6. The objection that the council did not state that it believed that portion of the city to be benefited is not tenable. Such belief is apparent from the language used. The council decided that the district was benefited. The belief is involved in this very language.

7. The assessment roll consisted of several pages or sheets. On the last sheet the figures are placed in the wrong column, headed "Increase," instead of in the column headed "Ratable Assessment for Improvement." The clerical error is obvious. Aside from these descriptions, one small piece appears to have been omitted from the roll, but this was the property of the complainant, and, inasmuch as the omission was beneficial, he cannot be heard to complain.

Decree is affirmed, with costs.

MORSE, C. J., and MONTGOMERY, J., concurred. McGRATH and LONG, JJ., did not sit.