CITY OF DETROIT *v.* JUDGE OF RECORDER'S COURT.

TAXES — PUBLIC IMPROVEMENTS — ASSESSMENTS — CONSTITUTIONAL LAW.

> The legislature has no power to fix an arbitrary percentage of the cost of a public improvement to be imposed upon a local assessment district, regardless of the benefits received. Act No. 467, Local Acts 1895, authorizing the city of Detroit to take private property for public use, and requiring at least one-half of the amount awarded as compensation to be assessed upon the district fixed by the common council, is therefore unconstitutional.

*Mandamus* by the city of Detroit to compel William W. Chapin, judge of the recorder's court of Detroit, to vacate an order quashing condemnation proceedings. Submitted April 6, 1897. Writ denied May 11, 1897.

The relator instituted proceedings under Act No. 467, Local Acts 1895, to open a street for public use, and to condemn private lands for that purpose. The respondent quashed the proceedings, holding the act to be unconstitutional. Section 2 provides that, when the common council of the city declare a public improvement to be necessary, they shall pass a resolution declaring that they deem it necessary to take private property (describing it) for such public improvement. The section then has the following provision:

"Before the institution of such proceedings, the common council shall, if it be their intention to assess any part of the damages awarded in such proceedings upon a special or local district, declare by resolution such purpose, and fix such district, embracing only such real estate as in their opinion will be specially benefited by the improvement, and they shall describe such district with reasonable certainty by well-known boundaries, so that all persons owning real estate in such district may readily ascertain the facts."

Sections 3, 4, 5, 6, and 7 provide for proceedings prior to the summoning of the jury; sections 8 and 9 define the duties of the jury; and section 9 contains the following:

"The jury shall also determine in their verdict what amount, if any, shall be assessed upon the property in the assessment district: *Provided*, that such property in said assessment district shall in no case be assessed for less than one-half of the total amount so awarded as compensation. Said amount shall be stated in said verdict at a certain gross sum, which sum shall be assessed upon the property in the assessment district as hereinafter provided."

*Charles Flowers* and *C. D. Joslyn*, for relator.

*John J. Speed*, for respondent.

Grant, J. (*after stating the facts*). The power of taxation granted by this act is not one of necessity conferred upon the State, involving the right to apportion to each political subdivision of the State its share of the public burdens. The sole ground for imposing a part or all of the cost of a public improvement upon one part of a municipality is that the part burdened with the cost receives corresponding benefits, which the general public does not receive. The rule is so clearly and concisely stated in *State* v. *City of Newark*, 27 N. J. Law, 190, that we quote it:

"The theory upon which such assessments are sustained as a legitimate exercise of the taxing power is that the party assessed is locally and peculiarly benefited, over and above the ordinary benefit which, as one of the community, he receives in all public improvements, to the precise extent of the assessment."

Where a statute authorized the expense of paving a roadbed to be assessed, two-thirds on the property abutting the street, and one-third on the public at large, it was held unconstitutional. *Agens* v. *Mayor*, 37 N. J. Law, 415. So a law directing such an assessment as the commissioners should deem "just and equitable" was held

unconstitutional because it did not direct the fact to be found that the property was benefited to the amount of the tax imposed. *Barnes* v. *Dyer*, 56 Vt. 469; *New Brunswick Rubber Co.* v. *Commissioners*, 38 N. J. Law, 190. The same principle is approved in the following cases: *Stuart* v. *Palmer*, 74 N. Y. 183 (30 Am. Rep. 289); *Chamberlain* v. *City of Cleveland*, 34· Ohio St. 551; *City of Bridgeport* v. *Railroad Co.*, 36 Conn. 255 (4 Am. Rep. 63); *Dyar* v. *Village of Farmington*, 70 Me. 515; *Hammett* v. *City of Philadelphia*, 65 Pa. St. 146. A multitude of other cases might be cited. We are cited to none holding to the contrary. Applying this rule to this act, it must be declared void. It contains no provision which requires the assessment upon the local district to be in proportion to the benefits received. The common council are not required to determine, when they establish the district, to what extent it is benefited. The jury are required to assess one-half upon the assessment district, regardless of whether it is benefited to that extent, and are clothed with power to assess a larger amount only when they conclude that the benefit exceeds 50 per cent. The legislature has no power to fix an arbitrary percentage of a public improvement to be imposed upon a local assessment district, regardless of the benefits received.

It follows that the writ must be denied.

The other Justices concurred.