## SMITH v. CITY OF DETROIT.

1. CONDEMNATION FOR STREET OPENING—PARTIES—MORTGAGEES—COLLATERAL ATTACK.

The fact that a mortgagee was not made a party to proceedings to condemn land for street purposes does not deprive the court of jurisdiction, so as to open the judgment to collateral attack by property owners assessed for benefits, where there was sufficient land left to pay the mortgage, and the city was in full possession of the street.

2. SAME—DESCRIPTIONS OF PROPERTY—SUFFICIENCY.

Nor is it prerequisite to jurisdiction that the property of each owner be described separately and accurately in the petition, if the owners are in fact notified that their lands are sought to be condemned; 3 How. Stat. § 3064j, providing that an amendment may be allowed in the description of property proposed to be taken whenever it will not interfere with the substantial rights of the parties.

3. SAME—SETTING ASIDE ASSESSMENT—REMEDY BY COUNCIL.

Section 61, chap. 7, of the Detroit charter, as amended by Act No. 463, Local Acts 1895, provides that, when any special assessment shall be held invalid by a court of competent jurisdiction, the common council may order a new assessment for the same purpose. An assessment for benefits for the opening of a street was set aside because the resolution of the council apportioning the amounts to be paid by the city and by assessment upon the local assessment district did not declare that the amount so assessed was a just proportion of the amount awarded by the jury. Held, that, while the preliminary determination was no part of the "assessment," it was proper for the council to correct the resolution, and order a new assessment based thereon.

Appeal from Wayne; Lillibridge, J.    Submitted May 10, 1899.    Decided July 5, 1899.

Bill by Thomas Smith and others against the city of Detroit to restrain the collection of an assessment in a street-opening proceeding.    From a decree dismissing the bill, complainants appeal.    Affirmed.

*John J. Speed,* for complainants.

*C. D. Joslyn,* for defendant.

Montgomery, J.    December 31, 1894, a petition was filed by the defendant to condemn property for the opening and extending of Mack avenue from Collins street to McDougall avenue.    A verdict from a jury having been obtained, the verdict was confirmed, and the amount was certified to the common council.    On April 6, 1897, the common council adopted a resolution fixing an assessment district, determining that the lands within the district were benefited by the opening of Mack avenue, and that there be levied the sum of. $5,618.33, in proportion, as near as may be, to the advantage which each lot or parcel is deemed to acquire by such improvement, and directing the board of assessors to proceed and make the assessment roll.    It was further resolved that $3,745.54, being 40 per cent. of the amount awarded, be paid by the city out of the street-opening fund.    The assessment roll was made as ordered, and confirmed; property of the complainants, among others, being assessed.    The complainants thereupon filed their bill of complaint, and, the defendant having appeared and answered, it was decreed that the resolution of the common council apportioning the respective amounts to be paid by the city and by the assessment district did not determine that the sum to be assessed was a just proportion of the amount awarded by the jury, and the city was perpetually enjoined from collecting the assessment.    This decree was entered on the 2d of November, 1897.    On the 7th of December, 1897, the common

council adopted a resolution, whereby it was resolved that the vote by which the assessment district for the opening of Mack avenue was adopted be rescinded.  On the same date the council adopted a further resolution, fixing a district composed of identically the same property embraced in the district covered by the resolution of April 6th, and they further resolved that the sum of $5,618.33 was a just proportion of the compensation awarded by the jury which should be assessed upon the district, and the board of assessors were ordered to make an assessment roll for said amount.   This assessment roll was made, and confirmed by the common council December 28, 1897.   The same lands were assessed, and for the same amounts, as those described in the roll which was declared illegal by the decree above mentioned.   The complainants thereupon filed the present bill of complaint, and pray for a perpetual injunction against the collection of the assessments against them.

It appears that the original petition filed was amended. This amendment was made by striking out parts of the description of the property to be taken, and inserting other matter; but there is nothing definite to show what was original and what is amendment.   It stands now, "As amended by the order of the court."   No order permitting the amendment was ever entered, although the stenographer's notes taken on the trial show an amendment of some kind was permitted.

The description of the entire property to be taken was given accurately, but, in describing parcels which were supposed to belong to the individuals named as owners, there was some inaccuracy, one parcel being described as "a small strip in unplatted alley."   It also appeared that one description was mortgaged, and the mortgagee was not made a party to the condemnation proceedings.   It appeared, however, that there were sufficient lands to pay the mortgage outside of the street, and which would be previously liable, and that the city was in full possession of the street.

Was it a prerequisite to jurisdiction that the property of each owner should be described separately and accurately, it appearing that the owners were in fact cited in ? The statute (3 How. Stat. § 3064c) provides that—

"A description of the property to be taken shall be given, and generally the nature and extent of the use thereof that will be required in making and maintaining the improvement shall be stated, and also the names of the owners and others interested in the property, so far as can be ascertained, including those in possession of the premises."

Section 3064*j* provides that amendments, either in form or substance, may be allowed to any paper, petition, process, record, or proceeding, or in the description of property proposed to be taken, or the name of any person, whenever the amendment will not interfere with the substantial rights of the parties. It appears that the owner was notified of the proceedings, and that an attempt was being made to condemn lands in which he had an interest, and that the description, though incorrect, was subject to amendment. We think the court had jurisdiction, therefore, and that the proceedings are not open to collateral attack. *Borgman* v. *City of Detroit,* 102 Mich. 261; *Scotten* v. *City of Detroit,* 106 Mich. 564; *Brown* v. *City of Saginaw,* 107 Mich. 643.

The complainants contend that the common council had no authority to adopt a new resolution after the first assessment had been declared invalid for the want of a sufficient one. Section 61, chap. 7, of the charter of Detroit, as amended by Act No. 463, Local Acts 1895, provides that—

"When any special assessment shall be   *   *   *   held invalid by the judgment or decree of any court of competent jurisdiction, the common council may cause a new special assessment to be made for the purpose for which the original assessment was made. Such new assessment shall be made in the manner for making original assessments of like nature."

It is contended that the preliminary determination as to

the proportion of the compensation which shall be paid by the owners of the property specially benefited is no part of the assessment, and that, therefore, the council did not, under this statute, have authority to make a correction of the earlier resolution fixing this proportion. The purpose of this enactment is clear enough. The legislative intent was that assessments should not fail because the authorities had failed in following the statute. It is true the preliminary determination is not the assessment, but it is the new assessment which is attacked. The statute furnishes authority for making this, and, unless there is something in the determination of the court in the first case which precludes the council from taking the preliminary action which had been omitted, we are not able to discover any valid objection to the exercise of that power. The bill charges that the decree in the first case found that the resolution of the common council, apportioning the respective amounts to be paid by the city and by assessment upon the local assessment district, did not determine that the amount so assessed was a just proportion of the amount awarded by the jury. The council, not having made such a determination, proceeded, on December 7, 1897, to pass a resolution which was in part as follows:

"It is hereby determined that the sum of five thousand six hundred eighteen and 33-100 dollars is a just proportion of the compensation awarded by the jury for the property taken for said improvement, which should be paid by the owners or occupants of the above-described pieces and parcels of real estate, which will be thus benefited by said improvement."

We think it was competent for the council to make this determination when it did, and, having made it, the authority for a reassessment is given by the statute cited above.

We think the other criticisms of the proceedings presented in the brief of counsel without merit. The decree is affirmed, with costs.

The other Justices concurred.