VOIGT *v.* CITY OF DETROIT.

123  547
f123  566
123  547
s82NW 253
a184US 115
a46Led 459
a22SO 337
e184US 440
123  547
139  34
123  547
158  524

1. MUNICIPAL CORPORATIONS—EMINENT DOMAIN—CONSTITUTIONAL LAW—ASSESSMENTS AGAINST PROPERTY BENEFITED.

Section 15 of the general law authorizing cities and villages to take private property for the use or benefit of the public (1 Comp. Laws 1897, § 3406), which provides that, if a city council believe that a portion of the city in the vicinity of a proposed improvement will be benefited thereby, they may determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners of the land deemed to be benefited, and that they shall then, by resolution, fix and determine the district benefited, and specify the amount to be assessed upon the owners of the taxable real estate therein, etc., is not unconstitutional, as taking property without due process of law, in that no provision is made for notice to such owners of a time and place of hearing in relation to the establishment of the assessment district and to the amount of the total assessment.

2. SAME.

Nor is the section invalid in that it does not fix any standard for determining the proportion of the award to be assessed

upon the district, and does not limit the total assessment to the amount of the benefits, since these things are clearly implied from the further provision that "the amount of the benefit thus ascertained shall be assessed" upon the owners of such taxable real estate "in proportion, as nearly as may be, to the advantage" which the several parcels are deemed to acquire by the improvement.

Appeal from Wayne; Hosmer, J.   Submitted February 6, 1900.   Decided March 27, 1900.

Bill by Edward W. Voigt against the city of Detroit and Thomas M. Lucking, receiver of taxes, to enjoin the collection of a special assessment.   From a decree for complainant, defendants appeal.   Reversed.

*Walker & Spalding* (*Hoyt Post,* of counsel), for complainant.

*C. D. Joslyn,* for defendants.

MOORE, J.   Complainant filed a bill to enjoin the collection of a special assessment imposed upon his lands in a special assessment district established by the common council of Detroit, to pay part of the compensation awarded by a jury in proceedings taken to open a street. The case was heard upon demurrer to the bill.   From a decree for complainant, defendants appeal.

In 1898 the city of Detroit took proceedings in the recorder's court to open Second avenue from the boulevard to the northerly city limits.   The compensation awarded for the land taken in these proceedings was $73,732.68. In January, 1899, the common council by resolution determined that $49,155.12 was a just proportion of the compensation awarded by the jury to be paid by the owners of the property embraced in an assessment district established by the same resolution, and directed the board of assessors to make assessment accordingly.   Of these proceedings Mr. Voigt had no notice.   The notice required by section 37, chap. 11, of the city charter, was duly given.

An assessment roll in accordance with the resolution of the council was prepared and confirmed. There was assessed against land owned by the complainant in the assessment district established by the council nearly $10,000. It is to restrain the enforcement of this tax that the bill is filed.

The statute to be construed reads as follows:

"If the common council, or board of trustees, or board of supervisors believe that a portion of the city, village, or county in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and thereupon they shall, by resolution, fix and determine the district or portion of the city [or] village or county benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein. The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate in proportion, as nearly as may, to the advantage which such lot, parcel, or subdivision is deemed to acquire by the improvement. The assessment shall be made, and the amount levied and collected, in the same manner, and by the same officers and proceeding, as near as may be, as is provided in the charter of the municipality for assessing, levying, and collecting the expense of a public improvement when a street is graded." Section 3406, 1 Comp. Laws 1897.

It is claimed this law is unconstitutional. The law was passed in 1883, and is the one under which the city of Detroit and other cities in the State have been operating, in proceedings of a like character to this, for many years. Counsel say the precise question involved has never before been passed upon. They urge that three things are required to be done after the confirmation of the verdict of the jury declaring the necessity of the improvement and awarding compensation for the property taken:

1. The common council must determine or fix the local taxing district.

2. It must determine the amount which shall be spread upon the local taxing district.

3. The board of assessors must make an assessment roll which shall properly apportion the amount determined by the common council among the different parcels of land in the taxing district.

No provision is made for a notice to property owners of a time and place of hearing upon either the question of fixing a taxing district or the question of the amount of the award to be spread thereon. This, it is claimed, leads to taking property without due process of law, and therefore the law is unconstitutional. The statute provides for a hearing in relation to the proportion each piece of property shall bear to the whole cost of the improvement, and the proper notice of this hearing was given. It is claimed by counsel that complainant was entitled to notice of the hearing relating to the establishment of the assessment district, and of the amount of the total assessment, and because the statute does not provide for these notices it is unconstitutional, as taking property without due process of law; citing *Thomas* v. *Gain*, 35 Mich. 164; *City of Detroit* v. *Judge of Recorder's Court*, 112 Mich. 588 (71 N. W. 149, 42 L. R. A. 638); *Davidson* v. *City of New Orleans*, 96 U. S. 107.

We do not think this position of the counsel can be maintained. The right of the legislature to establish special assessment districts, in which all the taxes necessary to be raised to pay for a local improvement may be assessed, was for a long time questioned, but that right has been so often sustained by the courts that it is no longer open to question. In the case of *People* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 419, the following language is used:

"But there never was any just foundation for saying that local taxation must necessarily be limited by, or co-extensive with, any previously-established district. It is wrong that a few should be taxed for the benefit of the whole, and it is equally wrong that the whole should be taxed for the benefit of a few. No one town ought to be

taxed exclusively for the payment of county expenses, and no county should be taxed for the expenses incurred for the benefit of a single town. The same principle of justice requires that, where taxation for any local object benefits only a portion of a city or town, that portion only should bear the burden. There being no constitutional prohibition, the legislature may create a district for that special purpose, or they may tax a class of lands or persons benefited, to be designated by the public agents appointed for that purpose, without reference to town, county, or district lines. General taxation for such local objects is manifestly unjust. It burdens those who are not benefited, and benefits those who are not burdened. This injustice has led to the substitution of street assessments in place of general taxation, and it seems impossible to deny that in the theory of their apportionment they are far more equitable than general taxation, for the purpose they are designed for."

In Cooley, Tax'n (2d Ed.), 149, this language occurs:

"When the nature of the case does not conclusively fix it, the power to determine what shall be the taxing district for any particular burden is purely a legislative power, and not to be interfered with or controlled, except as it may be limited or restrained by constitutional provisions. * * * The legislature judges finally and conclusively upon all questions of policy, as it may also upon all questions of fact, which are involved in the determination of a taxing district. And, having the authority to determine what shall be the taxing districts, the legislature must also be left to its own methods of reaching the conclusion. Most cases will be settled by general law; but taxes for extraordinary purposes may require special legislation, or at least may justify it. In such cases it may be proper to enter upon such inquiries into the facts as cannot well be made directly by the legislative body of the State, whose duties are too multitudinous to admit of special investigations on a hearing of evidence or on personal examination by its members. Under such circumstances it may be proper and convenient to refer the whole subject to the local authorities; and this in the case of local works or special improvements, is the course usually adopted. The State does not determine whether a city street shall be improved and a tax levied therefor, but, by provision in the city charter, or by

special legislation, it refers the whole subject to the city common council, under such directions, regulations, and instructions as it may be thought proper or prudent to give or impose. The State does not divide the several counties and towns into school districts, and order the construction of district school-houses, but by general law submits the subject to the people specially concerned. This is the general course, and it has been found to be the satisfactory, and therefore the wise, course. And, if an apportionment is to be made on the basis of benefits to property, the local authorities may be, and usually are, empowered to refer the assessment of benefits to officers or commissioners chosen for the purpose, whose report, when under the provisions of the law it shall become final, will settle the limits of the special taxing district. These, if not the only methods of giving effect to the legislative authority over this subject, are certainly admissible and proper methods."

Under these authorities, it is very clear that the legislature itself might have established the special assessment district. Had it seen fit to do so, would it be claimed that its right to do so could be questioned as unconstitutional, because no notice was given to the property holders affected thereby that it intended to establish such a district? If the answer to this question should be in the negative, why, when the legislature has delegated to the common council of the city the right to establish the special district, should it be said that the law delegating this power is unconstitutional because notice is not required? The establishment of the special assessment district, in the one instance by the legislature, and in the other instance by the common council, is the exercise of a legislative power, with which the courts will not ordinarily interfere. In *Rogers* v. *City of St. Paul*, 22 Minn. 494, it was held the legislature might submit the question of making a proposed improvement to the decision of the common council, which might avail itself of such sources of information as were accessible to it, like reports of the board of public works, and, while the special benefits which would result from the improvement must be as great

as the expense of making it, the determination of this question by the council, as well as the whole matter of ordering the improvement, was final, unless, perhaps, in case of fraud or mistake. The court used the following language:

"As respects taxation, the authority of the legislature is limited only by the constitution and the nature of taxation itself. Cooley, Tax'n, chap. 2. It was therefore competent for the legislature to give this final and conclusive effect to the determination of the common council; that is to say, it was competent for the legislature to enact that their determination, as a part of the machinery of taxation, should be final and conclusive, as respected the question whether a proposed local improvement was of such a character that the amount of taxes necessary to be raised to pay for the expense of making it would exceed the special benefits which would result from its accomplishment."

See, also, *Northern Indiana R. Co.* v. *Connelly,* 10 Ohio St. 159; *Spencer* v. *Merchant,* 100 N. Y. 585 (3 N. E. 682), 125 U. S. 345 (8 Sup. Ct. 921); Cooley, Tax'n (2d Ed.), 606, 611, 661.

When the proceeding has reached that stage where it becomes necessary to decide what proportion of the cost of the proposed improvement shall be assessed to any given description of land, there must be an opportunity given to the owner of the land to be heard upon that question.

There is no claim in the bill that complainant's property is not benefited by the proposed improvement in excess of the amount assessed, nor is there any claim that he was not allowed to be heard in relation to the amount which should be assessed against his property; thus avoiding the difficulties found in the cases cited by the counsel for complainant. We do not think it can be said that complainant's property is taken without due process of law. This statute has been construed in *Beecher* v. *City of Detroit,* 92 Mich. 268 (52 N. W. 731), and *Smith* v. *City of Detroit,* 120 Mich. 572 (79 N. W. 808), and the action taken by the common council thereunder upheld.

It is said:

"The act is bad because it does not fix any rule or standard by which the council are to determine the just proportion of the award of the jury to be assessed upon the district, nor limit the total assessment of the district to the amount of its benefits. The constitutional limit of the amount to be imposed upon the district is the total benefit to the district. The law might, therefore, permit the council, when in their judgment a portion of the city in the vicinity of the improvement is benefited thereby, to determine the amount of such benefit, and to require a just proportion of the compensation awarded by the jury, not exceeding the total benefit, to be assessed upon such local district. This act contains no such limitation. The council are empowered, when they believe that a local district is benefited, to assess what in their judgment is a just proportion of the whole award upon the district, without requiring that proportion to be limited by the amount of benefit."

We do not think this is a fair construction of the language of the statute. Before the council can create the district at all, they must believe that a portion of the city in the vicinity of the proposed improvement will be benefited by such improvement, and then provide for an apportionment of the compensation awarded by the jury upon the property deemed to be benefited.

"The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate in proportion, as nearly as may, to the advantage which such lot, parcel, or subdivision is deemed to acquire by the improvement."

We think this language makes it clear that the amount of tax which may be assessed upon the district, or upon any given parcel of land, cannot exceed the benefit. Provision is then made for the assessment, levy, and collection of the tax.

The demurrer should have been sustained. The decree of the court below is reversed.

The other Justices concurred.