GOODRICH *v.* CITY OF DETROIT.

123     559
s82NW   255
a184US 432
a46Led  627
a228c   397
123     559
139   1  34
139   3  36

1. MUNICIPAL CORPORATIONS — EMINENT DOMAIN — STREET OPENING — JUDGMENT — COLLATERAL ATTACK — DESCRIPTION OF LANDS TAKEN.

1 Comp. Laws 1897, § 3394, provides that the petition in proceedings by a municipality to take private property for the public use shall contain a description of the property to be taken, and the names of the owners and others interested. Section 3399 provides that the jury shall award just compensation to such persons for property so taken. A petition in a street-opening proceeding contained a substantially correct general description of the land to be taken, and referred to a plat attached thereto, correctly showing the original lots and descriptions, with dimensions, and also the part proposed to be taken; but, in the part of the petition apportioning the general description among the several owners, there were some inaccuracies. Such owners were made defendants in the proceeding, and raised no objection to the sufficiency of the descriptions, and took no appeal from the judgment confirming the award, which described the land as in the petition, and referred thereto. *Held,* that persons whose lands were not taken for the improvement, but who were assessed therefor, could not attack the proceeding collaterally, in a suit to restrain the collection of the assessment, on the ground that the several parcels of land to be taken were not correctly de scribed.

2. SAME — OATH TO JURORS.

Nor could they attack such proceeding on the ground that the record therein failed to show that the oath administered to the jury was in the form prescribed by 1 Comp. Laws 1897, § 3398.

3. SAME — ASSESSMENTS AGAINST PROPERTY BENEFITED — ASSESS-
MENT DISTRICT.

    1 Comp. Laws 1897, § 3406, provides that, if the common coun-
cil believe that a portion of the city in the vicinity of the
proposed improvement will be benefited thereby, they may
determine that the whole or any just proportion of the com-
pensation awarded by the jury shall be assessed against the
owners of real estate deemed to be thus benefited, and that
they shall then, by resolution, fix and determine the district
or portion of the city benefited, and specify the amount to be
assessed against the owners of the taxable real estate therein.
It further provides that the assessment shall be made, and
the amount levied and collected, in the same manner, and by
the same officers and proceeding, as nearly as may be, as is
provided in the charter of the city for assessing, levying, and
collecting the expense of grading a street. *Held*, that the
common council of Detroit is authorized to include within
the assessment district in a street-opening case lands which
do not front upon the proposed opening, although the city
charter declares that, when a street is graded or paved, the
lands fronting on the portion thereof so improved shall con-
stitute an assessment district.

4. SAME—EXTENT OF BENEFITS — SUFFICIENCY OF RESOLUTION OF
COUNCIL.

    A resolution of the council fixing an assessment district under
said statute, which declares that the property within such
district is benefited by the proposed improvement, and directs
that a specified amount be levied upon the several pieces or
parcels of land included therein, in proportion, as nearly as
may be, to the benefit and advantage which each lot or parcel
is deemed to acquire by the improvement, is not open to the
objection that it does not find that the district is benefited to
the extent of the sum directed to be levied.

5. SAME—CONSTITUTIONAL LAW.

    Nor is the statute unconstitutional in that it does not expressly
limit the amount to be assessed upon such district to the
amount of the benefits; such limitation being clearly infera-
ble. *Voigt* v. *City of Detroit, ante,* 547, approved.

Appeal from Wayne; Lillibridge, J. · Submitted Feb-
ruary 6, 1900.    Decided March 27, 1900.

Bill by John C. Goodrich and Clarence M. Burton
against the city of Detroit and Louis B. Littlefield, city

treasurer, to enjoin the collection of a special assessment. From a decree dismissing the bill, complainants appeal. Affirmed.

*Bacon & Yerkes,* for complainants.

*C. D. Joslyn,* for defendants.

LONG, J. The facts are sufficiently set out in the opinion of Judge Lillibridge, who heard the case in the court below. We adopt the opinion. It is as follows:

"The bill in this case is filed to enjoin the collection of a special tax levied for the opening and extending of Milwaukee avenue between Chene street and Mt. Elliott avenue, 60 feet wide. The proceedings were taken under the general act (chapter 83, 3 How. Stat.), as amended. The complainants are not persons whose lands were taken by the proposed opening, and consequently they were not parties to the proceeding for the opening of said street, but they are owners of land within the assessment district authorized by section 3064*o*, and therefore, so far as the bill filed in this cause seeks to impugn the opening proceedings prior to the verdict and judgment, it is a collateral attack upon such proceedings. Several grounds are urged why the assessment should be held void:

"*First.* That the petition for opening the street and the verdict of the jury rendered in said cause do not describe the several parcels of land to be taken for such improvement. The statute (3 How. Stat. §. 3064*c*) provides that the petition shall contain a description of the property to be taken, and, generally, the nature and extent of the use thereof that will be required, and also the names of the owners and others interested in the property, so far as can be ascertained. The statute also requires the jury, by their verdict, to award to each of the owners and persons interested a just compensation for the property taken. The cases cited in complainants' brief relate chiefly to the opening and laying out of drains or to proceedings for condemning land for railway purposes. The requirements as to the description of the lands proposed to be taken in those cases are found in 1 How. Stat. §§ 1696, 3332, and are essentially different from that above quoted. The statute in those cases requires substantially that each distinct parcel of land shall be described, whereas it will be

seen that in the case of street opening there is no such requirement. Moreover, the cases cited are those in which the question was raised by the landowners in the direct action on appeal or by writ of error or *certiorari*, and not collaterally by other persons than the owners of the land, as in this case. These authorities are not, therefore, in my opinion, applicable to the case of street openings and to a collateral attack upon such proceedings.

"In this case the petition, in the first column, describes with substantial accuracy all the land to be taken for the proposed opening. This is subject to one qualification. In one description of land in the first column, in describing a course or direction, there is a clerical error. Instead of the course running 'north, 64 degrees east,' as is correct, the description reads 'south, 64 degrees west.' All the other descriptions containing the same course or direction read correctly, viz., 'north, 64 degrees east.' That this is a clerical error is proved by the fact that the original manuscript description on file reads correctly, to wit, 'north, 64 degrees east.' Attached to the petition, also, is a carefully-prepared plat of all the land proposed to be taken. This plat is made according to scale, and certified to by the city engineer, and shows the original lots and descriptions, with dimensions, and the part proposed to be taken is in colors, with dimensions of every parcel of land to be affected, and is correct in every particular. This plat is referred to in the petition, and made a part thereof. But in the second column of the petition, wherein it was attempted to subdivide and apportion the general description contained in the first column among the several owners, there are some inaccuracies of description. These several owners were all made parties defendant, and appeared, and made no objections to such inaccuracies or errors of description of their property. They made no objection whatever to the jurisdiction or to proceeding in the case. They introduced testimony as to the value of their lands which would actually be taken, as shown by the plat, and the jury awarded them severally such damages as they would suffer, as shown by the plat. The descriptions in the verdict are the same as in the petition. The verdict also refers to the plat in a finding that it is necessary to take the private property described in the petition in this cause. Judgment was duly entered confirming the verdict, and no appeal has been taken therefrom, and the time for appeal has expired. It was stated on the argument that all of the different persons whose

lands were taken have received and accepted their awards as per the verdict, and have executed conveyances to the city of the lands actually taken.

"The question before me is not whether some or any of those defendants, the owners of land taken, might have enjoined the city of Detroit from proceeding to take possession of lands so inaccurately described, for they have all submitted to the jurisdiction and the verdict, and received their awards; but the question is whether other persons, these complainants, whose lands were not taken, but which are within the assessment district made to pay for the said opening, can take advantage of such irregularities and inaccuracies to enjoin the collection of the said tax. It is well established that a judgment can be attacked collaterally only for want of jurisdiction. Did the recorder's court, therefore, have jurisdiction of the proceeding to make the proposed opening, notwithstanding such errors in description? The general description of the land to be taken was substantially correct. The plat must be regarded as a part of the petition, and together they correctly showed the land to be taken in detail, with dimensions. Taken together, the inaccuracies of description are corrected upon the very face of the papers. There is not even a claim that any one was misled thereby. Moreover, the statute (3 How. Stat. § 3064$j$) provides that amendments may be allowed in the description of property proposed to be taken as well after as before judgment confirming the verdict. This would seem to imply that errors in description of small parcels were not intended to defeat the jurisdiction, so long as the whole property to be taken was correctly stated; otherwise, the provision for amending descriptions would be meaningless and useless. I have no doubt, therefore, that the recorder's court did have jurisdiction of both the persons and the subject-matter of the proceeding, and that the city of Detroit got a good title to the lands shown in the plat. If any of the defendants whose lands were to be taken had objected to the descriptions, they would undoubtedly have been at once corrected, under the above liberal provision for amendments; and, since none of such defendants did object to the descriptions, they must be regarded as having waived all inaccuracies of description, and that the verdict and judgment cure all of such errors.

"*Second.* The statute (3 How. Stat. § 3064$g$) prescribes the oath which the jurors shall take in street-opening cases. The only record found in the proceedings

of the oath taken by the jurors in this case is contained in the journal, as follows: 'Thereupon the jury impaneled (here follow the names of the jury) are duly elected, tried, and sworn in the manner prescribed by law,' etc. It is contended that the omission to show that the jury took the oath required by the statute is a fatal defect in the proceedings. It is not doubted that where, in special proceedings, the statute requires a particular oath to be taken, it must be shown that the oath prescribed was actually administered. If the oath required was not administered, the objection was undoubtedly open to any of the defendants in that case, the parties interested; but it is equally well settled that the verdict, when rendered, cures all defects and irregularities in the proceedings not jurisdictional. In my opinion, this objection is not open to these complainants, who were not parties to that proceeding, and cannot take advantage of it in a collateral attack upon the verdict and judgment. All the cases cited in the complainants' brief are those in which the objection was raised in a direct review of the proceedings, either on *certiorari*, error, or appeal, and, in my judgment, they are not applicable to the case of a collateral attack on such proceedings.

" *Third.* That none of the lots of complainants specified in the bill of complaint fronted on the proposed opening, and that the assessment district cannot, under the statute, embrace any lots not on the proposed opening. The assessment in this case was made under the provisions of 3 How. Stat. § 3064*o*, which provides that, if the common council believe that a portion of the city in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited, and that they shall, by resolution, fix and determine the district or portion of the city benefited, and specify the amount to be assessed upon the owners thereof. This would seem to be conclusive that the council had authority to include within the assessment district lots not on the proposed opening. The statute also provides that the assessment shall be made, and the amount levied and collected, in the same manner, and by the same officers and proceeding, as near as may be, as is provided in the charter of the municipality for assessing, levying, and collecting the expense of public improvements when a street is graded.

Complainants' counsel contend that this limits the assessment district to lots fronting on the proposed improvement, under section 216 of the charter of the city of Detroit, applicable to grading and paving streets; but, in my opinion, the above provision refers only to the manner or form of making the assessment, and to the officers who shall make and collect the same, and not to the extent of territory which may be included in the assessment district. To hold otherwise would be to entirely ignore the earlier provisions of the statute, permitting the council, in its discretion, to make a larger assessment district.

"*Fourth.* It is further contended that the resolution of the common council fixing the assessment district did not specify that such district was benefited by such improvement to the extent of $15,214.75, the amount to be assessed upon it, and an elaborate argument is made to show that such finding is the only constitutional or legal basis on which such a tax can be imposed, and the case of *City of Detroit* v. *Judge of Recorder's Court,* 112 Mich. 588 (71 N. W. 149, 42 L. R. A. 638), is cited.   There is no doubt of the principle invoked, that the actual benefit received, as determined by the proper authority, is the only legal or constitutional basis upon which such an assessment can be sustained, and that such an assessment, without such a determination, is both illegal and unconstitutional. The only question here is whether the statute, and the resolution of the council in compliance therewith, are not in effect a finding or determination that the assessment district is benefited to the extent of the assessment.   That resolution declared, first, that the property within the assessment district is benefited by the proposed opening. It then directed that there should be levied upon the several pieces or parcels of real estate included in the assessment district the amount of $15,214.75, in proportion, as near as may be, to the advantage which each lot or parcel is deemed to acquire by such improvement.   And again, the board of assessors is directed, in making the roll, to assess and levy the amount of $15,214.75, each lot or parcel to be assessed a ratable proportion, as near as may be, of said amount, in accordance to the amount of benefit derived by such improvement.   In my opinion, this is a substantial compliance with the provisions of the statute. The case of *City of Detroit* v. *Judge of Recorder's Court* was entirely different.   In that case the law provided arbitrarily that in all cases one-half of the award should be assessed upon the assessment district fixed,

without any regard as to whether the property was benefited. In other words, neither the common council nor the jury were allowed to exercise any discretion relative to the benefits received, but were required to assess 50 per cent. of the verdict, regardless of benefits received. The court held that the legislature could not arbitrarily fix such a percentage.

"Some other points are urged in the complainants' brief, but they were not strongly insisted on in the argument, and it is not necessary to discuss them. In my opinion, the injunction should be dissolved, and the bill dismissed."

The decree was entered in accordance with the above opinion.

We think the opinion fully sustained by the authorities. In the case of *Scotten* v. *City of Detroit*, 106 Mich. 564 (64 N. W. 579), it was held that the statute contemplates a judicial determination of the questions raised by the averments of the petition; that a judgment of confirmation necessarily includes a determination by the court that the proceedings were properly instituted; that such judgment is not open to collateral attack; and that, therefore, a judgment having been properly entered, a taxpayer cannot maintain a bill to restrain the collection of an assessment for benefits derived from the improvement, on the ground that the resolution of the council was not legally adopted. See, also, *Smith* v. *City of Detroit*, 120 Mich. 572 (79 N. W. 808). The question of the constitutionality of the act is fully discussed and disposed of in the case of *Voigt* v. *City of Detroit*, ante, 547 (82 N. W. 253). The other questions raised have been so fully discussed by the learned circuit judge that nothing further need be added.

The decree below must be affirmed. with costs

The other Justices concurred.