LUMBERMEN'S INSURANCE COMPANY and Others v. CITY OF ST. PAUL.[1]

January 17, 1902.

Nos. 12,764—(155).

**Eminent Domain—Sewer—Description.**

In condemnation proceedings in the city of St. Paul, the notice given and published by the board of public works under the provisions of Sp. Laws 1887, p. 335, § 8,[2] conformed with the order of the common council directing such proceedings in the matter of a description of the property to be condemned. The condemnation was for sewer purposes, and after describing other tracts of land to be condemned for the same purposes, and therein definitely locating what was known as the "Phalen Creek Culvert," the notice proceeded as follows: "Also a strip thirty feet in width extending from the south end of said culvert to the north end of said culvert, the center line of which strip shall be the center line of said culvert." In the so-called assessment sheet or award of damages, and in the notice of confirmation of the award, the words, "the center line of which strip shall be the center line of said culvert," were omitted, but in the assessment sheet or formal award of damages it was recited that the assessment was in accordance with the order of the common council of said city approved August 15, 1892, which was the order upon which was predicated the notice of assessment. *Held*, that the property to be condemned was sufficiently and definitely located, and that the assessment sheet or award was not indefinite and void because of this omission.

---

[1] Reported in 88 N. W. 749.    [2] St. Paul Code 1893, § 101

**Same—Record.**

The sufficiency of such condemnation proceedings is not to be determined and disposed of by an examination of a single instrument or paper,—such, for example, as the assessment sheet or award of damages, or the order of confirmation. But the entire record, or what may be called a "roll of the proceedings," is open to inspection.

**Identification of Instrument.**

A paper so referred to and described in a written instrument that it may be identified beyond all reasonable doubt may, by such reference, be made a part of the instrument, as if incorporated into the body of it.

Action in the district court for Ramsey county to recover the amount of an award assessed in condemnation proceedings. From an order, Kelly, J., granting a motion for a new trial, plaintiffs appealed. Reversed, and judgment ordered for plaintiffs.

*W. J. Hahn, J. M. Martin* and *Percy D. Godfrey,* for appellants.

*James E. Markham* and *Franklin H. Griggs,* for respondent.

COLLINS, J.

On a former appeal of this case (82 Minn. 497, 85 N. W. 525) an order of the court below refusing plaintiffs' motion for a new trial was reversed, with directions to the court below to modify its conclusions of law in accordance with the opinion of this court, and to order judgment for plaintiffs as their interests might appear, with leave, however, to the defendant to apply for a new trial if so advised. The character of the litigation will be seen upon reading that opinion. Subsequently the defendant presented a settled case, then moved to set aside the findings and decision and for a new trial, and the motion was granted. The present appeal by plaintiffs is from the order granting this motion. The record now presented contains all of the testimony, in addition to what was before us on the former appeal.

In the first paragraph of the former opinion the court discussed whether or not there was a valid assessment and award of damages, and stated that we were asked to hold that, although the board of public works acquired jurisdiction to make an assessment and award for the easement in question, it never did make one in accordance with the description of the premises as found in the notice of the board that an assessment and award would be made.

The court then said (page 501): "From the notice of the assessment, the notice of confirmation, and the finding of the court, it is clear that the award to the estate of John Wagener, mentioned in the finding, was on account of the easement of thirty feet along the culvert, as defined in the original notice."

The court further said: "The assessment itself may have been indefinite and void, but it is not contained in the record before this court, and the finding of the court must be given full force and effect. So far as appears, no other claim for damages was made by the Wagener estate, and, when the findings are all examined with reference to the award, only one result is possible."

It is obvious that but one question was left undetermined at the former appeal, and that is the present inquiry,—was the assessment itself indefinite and void? Or, to state it more to the point, was the description in the condemnation proceedings so indefinite and uncertain as to render the entire proceedings null and void?

By Sp. Laws 1887, p. 335, § 7,[3] it is provided, in substance, that whenever an order is passed by the common council for making any public improvements requiring the condemnation of land, the board of public works shall, as soon as practicable, proceed to ascertain and assess the damages and compensation due the owners, and also determine and assess benefits. By section 8 the board is then required to give fifteen days' notice, by one publication in the official newspaper, of the time and place of its meeting for the purpose of making said assessment,

"In which notice they shall specify what such assessment is to be for, and they shall describe the land to be condemned as near as may be done by general description, and all persons interested in any such improvement shall have the right to be present and be heard."

Section 9 provides that the board,

"In making said assessment, shall determine and appraise to the owner or owners the value of the real estate appropriated for the improvements, and the damages arising to them respectively from the condemnation thereof,"

—the damages to be arrived at after deducting the benefits.

[3] St. Paul Code 1893, § 100.

An examination of the charter provisions before cited discloses the fact that the board of public works is required to describe the land to be condemned in but one of these notices, namely, the notice provided for in section 8. The description in that notice, as published, was admittedly sufficient and definite. It conformed exactly to the description of the strip to be condemned, found in the order of the common council directing the condemnation to be made for sewer purposes. After describing other tracts of land to be condemned for the same purposes, and therein definitely locating what was known as the "Phalen Creek Culvert," the notice proceeds:

"Also a strip thirty feet in width extending from the south end of said culvert to the north end of said culvert, the center line of which strip shall be the center line of said culvert."

There was no doubt concerning the exact location of the center line of the strip in the notice. It is true that in what is called the "assessment sheet" and in the notice of confirmation (said notice being prescribed by section 15 [Sp. Laws 1887, page 337][4] of the charter) the description failed to contain the words, "the center line of which strip shall be the center line of said culvert," found, as before stated, in the first notice, but the omission did not vitiate the proceedings.

The sufficiency and definiteness of an assessment and award are to be ascertained and determined from an examination of the condemnation proceedings, taken as a whole; and if the property is sufficiently described in the order of the council and the notice required to be given and published by section 8, and this notice is properly referred to in the assessment sheet or award, the charter provisions are complied with. The sufficiency of condemnation proceedings is not to be determined and disposed of by an examination of a single instrument,—such, for example, as the assessment sheet or the order of confirmation. But the entire record, or what may be called the "roll of the proceedings," is open to inspection. Goodrich v. City, 123 Mich. 559, 82 N. W. 255. And this record or roll includes the order passed by the common council directing the

[4] St. Paul Code 1893, § 108.

condemnation of the property by the board of public works; the notice given by the board of its intention to condemn and to assess damages for the taking of the land described therein, as required by section 8, what is called the "assessment sheet," or formal award of damages; the assessment of benefits; and the order of confirmation, together with all objections to the assessment which may have been filed with the clerk of the board under the provisions of section 15. Surely, if there appears in the order of the council, and in the notice, based thereon, given and published by the board of public works, a plain specific description of the land to be condemned, and reference is made thereto in the assessment sheet or formal award, there has been no failure properly to indicate and identify the property to be appropriated.

Now, in the assessment sheet or award, introduced in evidence, and now before us for the first time, it is recited that the assessment or award of damages to the estate of John Wagener for the condemnation and taking of an easement in the land therein described is "in accordance with the order of the common council of said city approved August 15, 1892,"—the order upon which was predicated the notice of assessment. The order of the council was on file with the clerk of the board as a part of the proceedings, and so was the notice of assessment. If necessary, a glance at either of these instruments would locate the center line of the appropriated strip. That is certain which can be made certain; and for the application of this maxim in a case where section 8 was under discussion, see Kuschke v. City of St. Paul, 45 Minn. 225, 47 N. W. 786. A paper so referred to and described in a written instrument that it may be identified beyond all reasonable doubt may be, by such reference, made a part of the instrument, as if incorporated into the body of it. In re Board of Commrs. of Washington Park, 52 N. Y. 131. It is not even necessary that the paper referred to should be annexed to, or deposited in the same place with, the instrument of which it is made a part by reference. It is the reference to the paper by proper description and identification, in a manner and by words indicating an intent to make it a part of the instrument, that effects the incorporation of it for all purposes. Tonnele v. Hall, 4 N. Y. 140.

We do not wish to be understood as holding that in this particular case the description as found in the assessment sheet or award and in the notice of confirmation was insufficient, for the law in these proceedings is that the requirement of accuracy shall not be pushed to extremes. A description not drawn with the precision usually found in conveyances may yet sufficiently apprise the owner as to the property wanted. Randolph, Em. Dom. § 328. If only a general description is required by statute, no more can be required by the courts. Lewis, Em. Dom. (2d Ed.) § 350.

Our conclusion is that the case is no different on this appeal from what it was on the former. The findings of fact are not inaccurate or incomplete, and the testimony has not made it appear that the assessment or award of damages was indefinite or void.

We have not considered the claim made by counsel for the plaintiffs that by defendant's answer it stood admitted that all the proceedings for the condemnation of this property were regular, and that a valid assessment or award was made by the board of public works, which valid assessment or award was subsequently confirmed by the board. It has been unnecessary. Nor has it been necessary to discuss other points made by counsel for defendant. They are without merit.

Order reversed, and upon the case being remanded the court below will modify its conclusions of law in conformity to this opinion, and cause judgment to be entered for plaintiffs in accordance with their respective interests; such interests to be made to appear in proper form.