NELSON *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENT ROLL—CERTIFICATE OF BOARD OF PUBLIC WORKS.

Under a charter provision requiring the board of public works to certify upon an assessment roll for the cost of a public improvement that each parcel of land so assessed "is benefited specially by such improvement to the amount of the assessment thereon," a certificate showing the entire amount assessed, the amount assessed on each lot deemed to be benefited by the improvement, that the lots upon the roll are all that are benefited, and that the assessment is made in proportion to the benefits deemed to have been received, is sufficient.

2. SAME—CONCLUSIVENESS OF OFFICIAL ACTION—FRAUD.

The action of municipal officers with reference to public improvements, when within the powers conferred upon them, is final, in the absence of fraud. Whether, under the decision in *McDonald* v. *City of Escanaba,* 62 Mich. 555, the courts have jurisdiction to interfere even where fraudulent conduct is shown,—*quære.*

3. SAME—VALIDITY OF ASSESSMENT—ESTOPPEL.

A city charter provided that the board of public works should annually report to the common council such public sewers as they should deem necessary to be built during the ensuing year, and that the council should determine what sewers of those so reported should be built. *Held,* that a sewer assessment would not be set aside on the ground that the construction of the sewer was not embraced within such report, at the suit of one who did not avail himself of the right to be heard thereon before the common council, which by the charter was constituted a board of review, with power to correct, set aside, or confirm the assessment.

Appeal from Saginaw; McKnight, J. Submitted July 13, 1895. Decided October 8, 1895.

Bill by Neil Nelson and others against the city of Saginaw and George Housner, treasurer of the county of Saginaw, to set aside a sewer tax. From a decree dismissing the bill, complainants appeal. Affirmed.

*Trask & Smith,* for complainants.

*William G. Gage,* for defendants.

GRANT, J. The purpose of this bill is to set aside a sewer tax assessed upon the lands of the complainants, upon the ground that it is void, and thus creates a cloud upon the titles.

1. The first objection is that the certificate to the roll made by the clerk of the board of public works does not certify "that each parcel thereof is benefited specially by such improvement to the amount of the assessment thereon." Act No. 257, Local Acts 1891, tit. 6, § 7. The proceedings are in all respects regular and valid. The resolution, as appears upon the records of the common council, shows that each parcel of land was assessed as it was specially benefited. We think that the objection is without force, and that the certificate is a substantial compliance with the statute. It reads as follows:

"This is to certify that the board of public works of the city of Saginaw, Michigan, have assessed the sum of two thousand three hundred and twenty-three and 7-100 dollars, being the proportion of expense of constructing a main sewer on Mason street which, in the opinion of said board, a proper lateral sewer in the same street would amount to, upon the lots deemed to be benefited thereby; and said board further certify that they have assessed said sum of two thousand three hundred and twenty-three and 7-100 dollars upon the lots described upon the within roll, and that the amount of the assessment upon each lot is set opposite the description thereof; that said lots are by said board deemed to be benefited by the construction of said sewer, and that said lots are all the lots and property, through or near which said sewer was laid, benefited thereby; and that said assessment has been made upon said lots in proportion to the benefit derived by them, respectively."

It is not necessary that the exact language of the charter should be used. It is sufficient if the language of the certificate be such that the facts required to be certified may fairly be inferred. The certificate shows the

entire amount assessed, and, as well, the amount assessed upon each lot deemed to be benefited thereby, and that the lots upon the roll are all which were benefited by the sewer, and that it was made in proportion to the benefits deemed to have been received.

2. It is claimed that the officers of the city acted fraudulently in constructing this sewer. There is no evidence of bad faith or fraudulent conduct, and the action of the officers, within the powers conferred upon them, is final. *Powers* v. *City of Grand Rapids*, 98 Mich. 393. Even if fraudulent conduct were shown, *quære* if the courts have any jurisdiction to interfere, under *McDonald* v. *City of Escanaba*, 62 Mich. 555.

3. The third and last objection is that the construction of the sewer was not embraced in the report of the board of public works, in accordance with section 5, tit. 10, of the charter. Act No. 455, Local Acts 1889. The charter constitutes the common council a board of review, to review the assessments made by the board of public works. To such board of review any one may appeal. Notice of hearing appeals was duly given, but none of the complainants appeared or made any complaint. This entire subject was within the jurisdiction of the reviewing board, before which it was their duty to first appear, if they had any objections. Since they failed to do this, the courts will not afford them redress. *Brown* v. *City of Grand Rapids*, 83 Mich. 101.

Decree affirmed, with costs.

The other Justices concurred.