## BROWN *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—NECESSITY—
   COMPENSATION TO LAND-OWNER—CONCLUSIVENESS OF JUDGMENT.
      Where, pursuant to title 15 of the charter of the city of Saginaw
      (Act No. 402, Local Acts 1893), the necessity for a proposed
      public improvement, and for taking private property therefor,
      and the compensation to be paid for the land taken, have been
      determined by proceedings in the recorder's court, the judg-
      ment so obtained cannot be attacked collaterally by one whose
      land was assessed to defray the cost of the improvement, but
      who was not a necessary party to the proceeding.

2. SAME—PARTIES—APPEAL.
      The provision of section 16 of said title, that any person whose
      property is taken *or assessed* may appeal from such judgment,
      cannot be construed as giving the right of appeal to one whose
      land is assessed but not taken for the improvement, thereby
      implying that he is a necessary party to the proceeding, it
      being apparent that the words "or assessed" were retained in
      such section by mere inadvertence upon the amendment of the
      original charter (Act No. 455, Local Acts 1889), which provided
      that the common council should fix the assessment district
      when it passed the resolution declaring the necessity for the
      improvement, that the proceedings should be instituted against
      those whose lands were to be assessed, as well as against the
      owners of property proposed to be taken, and that the assess-
      ment of benefits should be made by the jury awarding the
      damages, all of which provisions were changed by the amend-
      ment of 1893.

3. SAME—ASSESSMENT OF BENEFITS.
      It is no objection to an assessment of benefits for a public im-
      provement that the members of the council which determined
      the assessment district were taxpayers within the city, and
      were therefore interested.

4. SAME.
      The apportionment of benefits by the assessing officers is not
      subject to attack after the roll has been confirmed by the
      council pursuant to the charter.

5. SAME.
      Where it is left to the council to fix an assessment district, its
      judgment as to the lands benefited is conclusive.

6. SAME—APPEAL TO COUNCIL—SUFFICIENCY OF HEARING.

The objections made to the confirmation of a special assessment roll having been read before the council, the matter was referred to a committee, to afford the parties an opportunity to be heard. After hearing the parties, the committee reported in favor of the confirmation of the roll, and it was thereupon confirmed by the council. *Held*, that the action of the committee, when adopted, became the action of the council.

Appeal from Saginaw; Wilber, J. Submitted November 22, 1895. Decided December 24, 1895.

Bill by Addison T. Brown and others against the city of Saginaw to restrain the collection of a special assessment. From a decree for complainants, defendant appeals. Reversed.

*Trask & Smith*, for complainants.

*William G. Gage*, for defendant.

LONG, J. This bill was filed by Addison T. Brown and about 90 others to set aside a special assessment levied by the defendant upon their lands to pay the awards of damages and the expenses of opening Ash street in what is called the "Western Taxing District" of the city of Saginaw. The lands are all situate in that district, but none of them were taken for the opening of the street. The objections made to the assessment, among others, are:

(1) Because there was no such oath administered to the jury as required by the charter, before they began the discharge of their duties.

(2) Because the complainants were not made parties to the original proceedings, and had no opportunity to take part therein; nor were they informed in any manner that they were to be assessed for said street opening in season to have appealed from the confirmation of the verdict.

(3) Because no district was fixed upon which the tax was to be spread before the proceedings in the recorder's court were had.

(4) Because the common council, which decided that the total expense should be assessed upon the property

in the vicinity of said opened street, was not a disinterested body, for the reason that, if the members of the council owned any property in the city, it was for the interest of said members to make the order for local assessment to protect their property from taxation.

(5) Because the council or board of public works, in ordering and making said tax roll, did not limit the amount assessed to the amount each parcel of land would be benefited by the opening of the street.

(6) Because said roll had been twice set aside as unjust and inequitable, as, by the charter of the city, the council had a right to do; and yet a council, half or more of whom had been elected since said roll was set aside, without reconsidering the former action of said council, assumed to confirm and approve a roll that had been legally annulled.

(7) Because there is no reason why complainants' lands should be assessed that does not equally apply to any other real estate in the city, as complainants' lands do not front on the opened street.

(8) Because complainants have had no opportunity to present the reasons they had for objecting to and appealing from said assessment to the council, as the charter provides, as, the last time they were notified to appear before the council to object to the roll, they were not heard, but were sent before a committee of the council, and were not present when said committee reported, and had no opportunity to be heard upon said report; and that the council cannot thus delegate its duties to a committee.

1. We think the first point is not well taken, as the proceedings to make the assessment were based upon the judgment obtained in the recorder's court, directing the opening of the street. The statute provides two different proceedings,—the one by which the street is to be opened, and the other for the assessment of the property benefited by the opening, for the benefits conferred. The first determines the question of necessity and compensation to those interested, and is not open to collateral attack by parties who are not necessary parties to that proceeding. *Borgman* v. *City of Detroit,* 102 Mich. 261; *Scotten* v. *City of Detroit,* 106 Mich. 564.

2 and 3. It is contended, however, that the complainants were necessary parties. Section 3, tit. 15, of the charter provides that the petition filed in the recorder's court when private property is to be taken shall describe the lots, tracts, and parcels of the property proposed to be taken, and shall set forth the names of the owners of such lots, etc. By section 5 of that title, it is apparent that the summons from the recorder's court need be served only upon the owners of property proposed to be taken. Local Acts 1893, Act No. 402. The only provision of the charter which would in the least favor the view of the complainants is section 16 of the same title, which provides that "any person whose property may be taken or assessed considering himself aggrieved may appeal from the judgment of the court," etc. The act of 1893 was an amendment to the charter of 1889, and the object of the amendment was to provide that the assessment of benefits should be made by the board of public works, instead of being made by the jury that assessed the damages, as was the practice prior to that amendment. The charter, prior to the amendment, provided that the council should fix the assessing district when it passed the resolution declaring the necessity. Local Acts 1889, p. 958, Act No. 455. This act made it the duty of the city attorney to proceed in the recorder's court against the owners of lots proposed to be taken, and also against those whose lands were to be assessed. The provision requiring the council to fix the assessing district was stricken out of the charter by the amendment of 1893; so that, as it now stands, the charter cannot be construed as giving the parties thereafter assessed for benefits the right to appeal from the finding of the jury in the recorder's court; and it is apparent that the words "or assessed," contained in section 16 of that title, were left in by mere inadvertence.

This disposes of the first, second, and third objections raised.

4. The objection that the common council was an interested body, because the members were taxpayers within the city, has no force.

5. In answer to the fifth objection, it may be said that section 19, tit. 15, of the charter provides that, after the confirmation of the verdict of the jury, the common council, if it believes that a portion of the city in the vicinity of the proposed improvement will be benefited by such improvement, may, by an entry in its minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited. This is to be levied and collected in the same manner as the expenses of other public improvements are, under title 6 of the charter. This title provides for the assessment to be made by the board of public works. The board, after the assessment is made, reports the same to the common council, under the provisions of section 19 of title 15; and, when the roll is confirmed by the council, it is final and conclusive.

6. It appears that the council had set aside two assessment rolls made for this street opening, and the board of public works made a new one. We think, from an examination of the rolls, it cannot be said to be the same roll as the two former ones rejected.

7. It may be said, in regard to this objection, that the charter leaves it to the council to fix an assessment district, and its judgment as to the lands benefited is conclusive.

8. In answer to the last proposition, it appears that, before the confirmation of the roll, the required notice was published, and the complainants appeared before the council, and made their objections. These objections were read to the council. A motion was then made to confirm the roll, but an amendment was adopted referring the matter to the committee on street openings and the city attorney, to afford the parties an opportunity to

be heard.  They were heard before the committee, who finally reported in favor of the confirmation of the roll, and the roll was confirmed by the council.  The objection that the action of the committee was not the action of the board cannot be sustained.  It was held in *Boyce* v. *Sebring*, 66 Mich. 210, that where a committee equalized the several assessment rolls of the county, and made a report of its action to the board of supervisors, which was adopted, this made the action of the committee the action of the board, and was sufficient, under that statute.  The complainants having taken their appeal from the assessment to the common council, and it being there heard, its decision is conclusive and final.  Section 19 of title 15 makes the action of the council in such cases final and conclusive.  See *Soller* v. *Township of Brown*, 67 Mich. 422.

The court below held the assessments void, and entered a decree restraining their collection, in accordance with the prayer of the bill.  That decree must be reversed, and a decree entered here dismissing the bill, with costs of both courts.

The other Justices concurred.