PECK v. CITY OF GRAND RAPIDS.

Municipal Corporations—Construction of Sewer.
*1. Under the charter of the city of Grand Rapids, the city cannot construct a sewer under proceedings for grading and graveling a street.
2. A sewer is not a necessary part of a street, and separate proceedings must be taken for its construction.

Appeal from superior court of Grand Rapids; Newnham, J. Submitted October 9, 1900. Decided December 31, 1900.

Bill by Thomas M. Peck and Roger W. Butterfield against the city of Grand Rapids to set aside a special assessment. From a decree dismissing the bill, complainants appeal. Reversed.

The common council of the city of Grand Rapids adopted the following resolution:

"*Resolved*, by the common council of the city of Grand Rapids, that *the grading and graveling* of Butterworth avenue, a public street in the city of Grand Rapids, from the west line of South Lane avenue, formerly Shepard street, a public street in said city, to the west city limits of said city, in said city, in said described portion of said Butterworth avenue, and also including the construction of the necessary bridges, culverts, gutters, cross-walks, man-

---

* Head-notes by Grant, J.

holes, catch-basins, approaches, and cesspools in said-described portion of said Butterworth avenue, is a necessary public improvement."

The estimate made by the board of public works in pursuance of said resolution, under the requirements of the charter, was $8,635. A contract was let for $10,997.41. The total assessment upon property owners was $11,500; the difference between the two sums consisting of the expenses of assessment, printing, engineering, etc. In all the proceedings of the city authorities, the only improvement mentioned is the "grading and graveling of the street." The city authorities included in this work the cost of a sewer 12 inches in diameter and 3,800 feet long, extending the whole length of the improvement. Complainants appealed to the board of review, but their protests were ignored, and the construction of the sewer and the assessments ratified. Complainants then filed this bill to set these assessments aside, claiming that they were absolutely void. Decree was entered in the court below dismissing the bill.

*Butterfield & Keeney*, for complainants.

*Lant K. Salsbury*, City Attorney, for defendant.

Grant, J. (*after stating the facts*). The only question to determine is, Can the common council construct a sewer under the guise of grading and graveling a street? The charter of the city confers no such authority. Under the act of 1873 providing for a board of public works in and for the city of Grand Rapids, "said board is empowered to determine and establish the grade lines of all streets; * * * to locate all necessary sewers; * * * to cause to be graded, graveled, paved, planked, or covered with other materials all such streets, * * * and to construct all such main and lateral sewers, * * * as the common council shall, by resolution, declare to be necessary improvements." By Act No. 444, tit. 3, § 10, subd. 39, Local Acts 1895, the common council is empowered

"to establish, construct, maintain, repair, enlarge, and discontinue within the highways, streets," etc., "such * * * sewers as the common council may see fit, with a view to the proper draining and sewerage of said city." By the Local Acts of 1875 the board of public works is authorized to construct all such main and lateral sewers as the common council of the city of Grand Rapids shall, by resolution, declare to be necessary public improvements. The charter also provides for two classes of bonds, viz.: "Street-improvement bonds," and "sewer-construction bonds." Charter, tit. 6, § 3, subd. 1.

Counsel for the defendant seeks to justify this action of the common council on the ground that the sewer is a necessary part of the street, and therefore comes within the resolution of the council, although the word "sewer" is not mentioned in any of the proceedings. A sewer is not a necessary part of the street, and when action is taken to lay out, establish, grade, and pave a street, the construction of a sewer is not included within these terms. The district benefited by a sewer may be, and usually is, different from a district benefited by the establishment of a street or highway. The inhabitants of the city are entitled to a hearing on each of such public improvements, and neither can be included in the other. Grading and graveling may be a necessary improvement, while the construction of a sewer may not. The common council, under this charter, must first act in each case. The language of this court, speaking through Chief Justice CAMPBELL, in *Clay* v. *City of Grand Rapids*, 60 Mich. 451 (27 N. W. 596), is applicable here:

"If a city council can do one thing and call it something else, so as to confound roads with sewers, and the repair of one with the building of the other, there is no safety to citizens against the grossest usurpations and injustice."

That case rules this. See, also, *White* v. *City of Saginaw*, 67 Mich. 33 (34 N. W. 255), and *Hoyt* v. *City of East Saginaw*, 19 Mich. 39 (2 Am. Rep. 76).

The cases of *Nelson* v. *City of Saginaw*, 106 Mich. 659 (64 N. W. 499), and *Brown* v. *City of Saginaw*, 107 Mich. 643 (65 N. W. 601), are not in conflict with this opinion. The assessment is void because the construction of, the sewer was included in it.

Decree reversed, and decree entered in this court for complainants in accordance with this opinion.

The other Justices concurred.