GATES v. CITY OF GRAND RAPIDS.

1. EQUITY PRACTICE—HEARING—BILL AND ANSWER.
   Where a case is heard upon bill and answer, the allegations of the answer must be taken as true.    Chancery Rule 10.

2. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—SEWERS.
   Under the charter of the city of Grand Rapids, a storm-water sewer may be constructed under proceedings for grading and graveling a street, where it is expressly provided for in the proceedings of the council, and is also necessary to the proper construction and preservation of the street.

3. TAXES—PUBLIC IMPROVEMENTS—LACHES.
   Parties who know that public improvements are being made, and do not avail themselves of the statutory provisions affording them an opportunity to object to the proceedings, cannot afterwards have such proceedings set aside in the courts for mere irregularities.

Appeal from superior court of Grand Rapids; Newnham, J. Submitted June 9, 1903. (Docket No. 50.) Decided July 8, 1903.

Bill by Carrie Gates and others against the city of Grand Rapids to restrain the collection of certain taxes. From a decree for complainants, defendant appeals. Reversed.

*S. Wesselius* (*Holmes & Holmes*, of counsel), for complainants.

*Moses Taggart* (*Taggart & Taggart*, of counsel), for defendant.

Grant, J. Complainants, 19 in number, filed this bill to enjoin the city of Grand Rapids from collecting taxes assessed against their lands for improvements made upon Grandville avenue, a public street of said city. The resolution authorizing the improvement reads as follows:

"That the grading and graveling of Grandville avenue, a public street in the city of Grand Rapids, from the south line of Hall street, a public street in said city, to the easterly line of Clyde Park avenue, a public street in said city, including the construction of the necessary vertical stone curbing *and storm-water sewer* in said described portion of said Grandville avenue, and also including the construction of the necessary bridges, culverts, brick-paved gutters, cross-walks, manholes, catch-basins, approaches, and cesspools in said portion of said Grandville avenue, is a necessary public improvement; and be it further resolved, that the expense of said public improvement shall, pursuant to title 5 of the charter of said city, be defrayed by assessments payable in five equal annual installments, in the manner in said title 5 provided for."

Proceedings prior to and subsequent to the adoption of the resolution were taken, a contract for the improvement let, the improvement made, the assessment district established, and the taxes levied according to benefits received. The case was heard upon bill and answer. The allegations of the answer must, therefore, be taken as true.

Chancery Rule 10; *Fields* v. *Highway Com'r*, 102 Mich. 449 (60 N. W. 1048).

Complainants attack the validity of the proceedings under *Peck* v. *City of Grand Rapids*, 125 Mich. 416 (84 N. W. 614), wherein we held that the city had no power, under its charter, to construct a sewer for general purposes under cover of a street improvement, but that the provisions of the charter must be followed in regard to the construction of sewers. In that case the resolution and proceedings of the council were silent as to the construction of a sewer. In this the resolution expressly provides for the construction of a "storm" sewer. The answer and the affidavit of the city engineer show that this storm sewer was constructed, and intended to be constructed, for the sole purpose of carrying off the surface water, and that it was absolutely essential to the proper construction and preservation of the street. The resolution was notice that the sewer was to be constructed as a part of the improvement, and for the purpose of properly constructing and protecting the highway. The entire cost of the improvement was $10,943, of which the cost of the sewer was $512. This sewer extended over only about 500 feet of the improvement. According to the answer, it was not necessary to be constructed along the rest of the street; thus showing that it was not intended as a general sewer for the use of adjoining properties, but designed wholly for the benefit of the highway. According to the answer, this so-called storm sewer is no more than a covered drain to carry away the water from the surface. *Cone* v. *City of Hartford*, 28 Conn. 363. It is not a sewer, the construction of which was held invalid in *Peck* v. *City of Grand Rapids, supra.*

It further appears from the answer that only 5 of the 19 complainants appealed to the common council from the proceedings, and the sole objection made by them on that appeal was that the several assessments were not equal according to benefits. This appeal was examined by the council, and ruled against the appellants. No other steps

were taken by any of these complainants to test the validity of the proceedings until the work had been completed. Under many decisions of this court, their laches defeats them. The law does not permit parties to stand by in silence, see public improvements made, and then appeal to the courts to set them aside for irregularities. *Byram* v. *City of Detroit*, 50 Mich. 56 (12 N. W. 912, 14 N. W. 698); *Atwell* v. *Barnes*, 109 Mich. 10 (66 N. W. 583); *Brown* v. *City of Grand Rapids*, 83 Mich. 101 (47 N. W. 117); *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130). Many other cases will be found cited in these.

Decree reversed, and bill dismissed, with costs of both courts.

The other Justices concurred.