The City of Leavenworth *et al.* v. Elizabeth R. Jones.
No. 13,655.   (77 Pac. 273.)

Error from Leavenworth district court; J. H. Gillpatrick, judge.   Opinion filed June 11, 1904.   Reversed.

*F. P. Fitzwilliam*, for plaintiffs in error.

*J. C. Douglass*, and *Dawes & Rutherford*, for defendant in error.

*Per Curiam:* This was a suit to enjoin and set aside a special assessment made by the city of Leavenworth to pay for repaving Olive street.   Two lots belonging to defendant in error were charged with a part of the cost.   The suit was also brought to restrain the collection of special assessments for the cost of a sidewalk laid along the street on one side of said lots.   The plaintiff had judgment, and the city brings error.

The ordinance determining the amount of the assess-

ment for paving was published, and went into effect, on September 1, 1899. This suit was begun on the 2d day of October, 1899, the 1st day of October being Sunday. It is contended that the proceedings to set aside the assessment for paving were brought in time, for the reason that, the last day being Sunday, it should be excluded in computing the thirty days allowed by the statute to begin the suit, and that the first day, that is, the day on which the ordinance was published, should also be excluded. This court, in the late case of *Kansas City v. Gibson*, 66 Kan. 501, 504, 72 Pac. 222, 223, said:

"The statute limits the time within which attacks may be made on special assessments to a period of thirty days from the time the assessment is ascertained, and the neglect of the property-owner to bring a proceeding either to set aside the assessment or to enjoin the making of the same, within the statutory time, is a bar to these remedies."

It was expressly decided in the case quoted from that the day on which the cost of the improvement is ascertained and the ordinance passed is to be counted, in computing the thirty days allowed to begin the suit. That case is decisive of the present controversy except that part of it relating to the sidewalk. Section 722 of the code (Gen. Stat. 1901, §5218) is not applicable to the case. (*Hagerman et al. v. Ohio Building and Savings Association et al.*, 25 Ohio St. 186; *Croco v. Hille*, 66 Kan. 512, 72 Pac. 208; *Coal Co. v. Barber*, 47 id. 29, 27 Pac. 114.)

The sidewalk was laid and the cost assessed pursuant to section 12 of chapter 37, Laws of 1881 (Gen. Stat. 1901, §728). It is urged that the city should have proceeded under chapter 38 of the Laws of 1881 (Gen. Stat. 1901, §§876–889), and that this act repealed the act of 1881. This claim is untenable. Section 14 of chapter 38, *supra*, provides:

"Nothing in this act contained shall be construed to repeal or impair any power or authority of any city of the first class may have in referring [reference] to the building or repairing of sidewalks, but it may be discretionary with the mayor and council whether they desire to proceed under this act or under the power and authority they now have, or may have, under any general laws governing cities of the first class."

The judgment of the court below will be reversed, with directions to proceed further in accordance with this opinion.