STEWART *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS
—VACATION—EQUITY—ESTOPPEL.

An abutting owner, having knowledge of defects in the pro-
ceedings to improve a street and failing to make them known,
while he stands by and sees the improvement made and the
city obligate itself for payment, is estopped to set up the de-
fect in a bill to restrain collection of the special tax, though
he remonstrated against the improvement on general grounds.

Appeal from Wayne; Hosmer, J.    Submitted April 13,
1904.    (Docket No. 48.)    Decided July 27, 1904.

Bill by Martha F. Stewart against the city of Detroit,
William B. Thompson, city treasurer, and Thomas M.
Lucking, receiver of taxes, to restrain the collection of a
paving tax.    From a decree for complainant, defendants
appeal.    Reversed.

*James H. Pound,* for complainant.

*Timothy E. Tarsney (John W. McGrath,* of counsel),
for defendants.

MOORE, C. J.    Section 6 of chapter 11 of the charter of
the city of Detroit (1893) provides:

" That the common council shall not in any one year
enter into contracts for the grading and paving of streets,
alleys, and public places, the cost of which will exceed in
the aggregate two hundred thousand dollars, except upon
the petition of the holders of the larger portion of the real
estate directly abutting upon the portions of the street or
alley proposed to be improved."

On April 25, 1899, a petition was presented to the com-
mon council of the city for the pavement of Lothrop ave-
nue from Woodward avenue to Third avenue.    Upon its
face the petition showed the required majority of frontage,

and it was so certified and so reported to the council May 2, 1899, by the board of public works.    At the same meeting a resolution was adopted ordering the paving.    At this meeting remonstrances were presented to the common council by complainant and Samuel W. Stewart, her son, who was acting for Mrs. Stewart, against said improvement, which set forth specifically the grounds of protest, to wit, that the pavement should be extended westerly beyond Third avenue to Hamilton Boulevard; that the public would not derive any benefit from the pavement of that portion of the street; that the purpose of the pavement is to enable petitioners to get so much of their property as they choose on the market.    At the next meeting of the council, held May 9th, a motion was made to reconsider the action of the council ordering the pavement, pending the consideration of which a letter from the president of the board of public works was read.    This letter recited that, after the usual investigation of looking up the signers of the petition in the assessor's books for confirmation, the result showed that the majority of the feet frontage was represented by the property owners signing the petition.    The motion to reconsider was lost.

On May 31, 1899, the complainant and her son each filed a second remonstrance, in which, by certain preambles, they set forth that the pavement had been ordered, but that the contract had not been confirmed, and they notify the council: *First*, that the said petition and all proceedings thereunder are absolutely null and void; *second*, that the property abutting upon said street, which is sought to be charged under such petition and proceedings with the cost of such improvement, is not liable therefor under said void proceedings; *third*, that any contract made or confirmed for such proposed improvement under said petition and proceedings would be made and confirmed at the cost of the city of Detroit, and not of the abutting property; *fourth*, that any pavement laid under the said petition and proceedings will be laid at the sole risk and expense of the city of Detroit, and that the entire expense thereof

must be borne by the city of Detroit, and no part thereof by the property claimed to be benefited thereby.

Samuel W. Stewart was personally present in the council when the last remonstrance was presented. This remonstrance was served upon the council before the contract was confirmed. Samuel W. Stewart knew when the work under the contract was commenced. He knew all the facts relating to the insufficiency of the petition for the pavement prior to the time when the last remonstrance was filed. It was shown that before the filing of the bill of complaint in this case the city had paid the cost of the intersections upon said street; had issued the bonds for the improvement, making the cost of the same a general charge upon the city; and that the contractor had been paid in full for the work. It was conceded upon the trial by counsel for the city that the original petition was in fact defective, the defect consisting in the fact that certain estates were petitioners, and the petitions were signed by the executor, instead of by the heirs at law—a defect that doubtless could easily have been remedied if Mr. Stewart had stated in his remonstrance the knowledge he had upon that subject. No action was taken by Mrs. Stewart, except as stated, until this bill was filed.

Accompanying the brief of complainant's counsel is a copy of the opinion filed by the trial judge. In that opinion he decided not only this case, but also the case of *Farr* v. *City of Detroit*, which was a proceeding similar to this. That case was appealed to this court, and is reported in 136 Mich. 200 (99 N. W. 19). While the cases differ in some respects, there is not such a difference as to affect the result. We think this case comes within the principles announced in *Farr* v. *City of Detroit*, supra.

The decree is reversed, and the bill dismissed, with costs of both courts.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.