ROBERTS *v.* CITY OF SANDUSKY.

1. TAXATION—SPECIAL ASSESSMENTS—EMINENT DOMAIN—FRAUD IN DETERMINING ASSESSMENT DISTRICT.

   Under Act No. 136, Pub. Acts 1899, providing for the taking of private property for public purposes and the determination of an assessment district, for cities of the fourth class, the assessment district fixed by the action of the common council is conclusive on the courts in the absence of fraud or bad faith.

2. SAME—UNREASONABLENESS—MUNICIPAL CORPORATIONS.

   The fact that the assessment of complainant's tax was nearly equal to the amount of the award to him, although unfair, did not establish fraud or bad faith.

3. SAME—EMINENT DOMAIN.

   The assessment of benefits is distinct from the award of compensation.

Appeal from Sanilac; Beach, J. Submitted October 12, 1909. (Docket No. 56.) Decided November 5, 1909.

Bill by William Roberts against the city of Sandusky to

restrain the collection of a special assessment. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Babcock Bros.*, for complainant.

*C. F. Gates*, for defendant.

BLAIR, C. J. Complainant's principal brief contains the following statements as to the nature of this suit:

"This bill is filed asking the court to restrain defendant from the collection of a special assessment made to pay an award in a street opening condemnation proceeding. * * * Complainant by the bill filed raises five propositions for the consideration of the court:

"(1) That the street opening proceedings were instituted fraudulently.

"(2) That proceedings were started to afford Joseph Bennett a street or road to his farm lands outside of the city limits and that the city had no jurisdiction to act.

"(3) That it was fraudulently intended to assess the largest share of the award on the lands of complainant, whether he received that much benefit or not, and that the district was so formed that complainant could not escape, and that this was done simply because the city attorney and majority of the council were enemies of complainant.

"(4) That by reason of such enmity complainant could get no justice.

"(5) That, if any benefit resulted to any person's land, it was to land outside of the city, over which the council has no jurisdiction."

In his reply briefs complainant says:

"We agree that, in the absence of fraud, the courts will not interfere in this class of cases. Obviating his long argument in that regard, we say that fraud is fully established. The circuit judge saw it and acted on it. * * * In the case at bar it is the assessing district that complainant complains of, and no other way is open except by bill in equity. * * * It is the assessment district that is complained of. This was established and a tax assessed and threatened when the bill was filed, and complainant need not wait before filing the bill and asking relief for a threatened injury."

The jury, impaneled under the provisions of chapter 25, Act No. 136, Pub. Acts 1899, determined that it was necessary to take complainant's land and awarded him the sum of $300 as just compensation therefor, which action was confirmed by the judgment of the probate court, and, no appeal having been taken, such judgment is final and conclusive.

The case was heard upon pleadings and proofs taken in open court, and the circuit judge entered the following decree:

"That the proceedings to condemn the complainant's land for a continuation of the street in question were regular, and the finding of the jury that it was necessary to take complainant's land for use of the public must stand. That the result of the proceedings to assess the damages awarded to complainant is to nullify the finding of the jury that it was necessary to take complainant's property for the use of the public. That the opening of this portion of the street upon the face of the proceedings and the relation of the same to the city and country outside the city must have been predicated by the jury and council on the theory that the city needed a thoroughfare to and from the city and country. The complainant by the arrangement of the assessing district is made to furnish land for a street without any or only nominal compensation or compelled to improve his property for the benefit of the public at his own expense. It was not necessary to show active fraud. If the effect of the proceedings, although regular on their face, works an injustice, equity will relieve. It is therefore ordered, adjudged, and decreed that the proceedings of the city council in creating the assessment district and spreading the tax be set aside and held for naught, and the council restrained and enjoined from proceeding under them for the collection of the tax spread under such proceedings. This decree is without prejudice to the creating of a new district and apportionment of the tax."

From this decree defendant alone appeals.

It is apparent from the decree that the circuit judge did not determine that any active fraud had been committed, and did not base his decree thereon. The fair inference

from the language of the decree is that the circuit judge was of the opinion that complainant's charges of active fraud were not established by the proofs, and we concur in this conclusion.    Section 24, chap. 25, *supra*, provides, in part:

" If the council believe that a portion of the city in the vicinity of the proposed improvement will be benefited by such improvement, they may by an entry in their minutes determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited, and thereupon they shall, by resolution, fix and determine the district or portion of the city benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein.    The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate in proportion, as nearly as may be, to the advantage which such lot, parcel, or subdivision is deemed to acquire by the improvement.    * * *    Whatever amount or portion of such awarded compensation shall not be raised in the manner herein provided shall be assessed, levied, and collected upon the taxable real estate of the municipality, the same as other general taxes are assessed and collected therein."

The statute leaves it to the council, and not to the courts, to establish and fix special assessment districts for such improvements, and to assess, if they so determine, the whole of the compensation awarded upon the owners of the property included in the district, and, in the absence of fraud or bad faith, their judgment is conclusive. *Nelson* v. *City of Saginaw*, 106 Mich. 659 (64 N. W. 499); *Brown* v. *City of Saginaw*, 107 Mich. 643 (65 N. W. 601); *Voigt* v. *City of Detroit*, 123 Mich. 547 (82 N. W. 253); *Power* v. *City of Detroit*, 139 Mich. 30 (102 N. W. 288).

The mere fact that the assessment of benefits against complainant's lands was nearly equal to the amount of compensation awarded him, or might appear excessive and unjust, as it did to the circuit judge and does to us, is, in the absence of actual fraud or bad faith in the fixing

of the assessment district, unimportant. The assessment of benefits is entirely separate and distinct from the award of compensation. *Genet* v. *City of Brooklyn,* 99 N. Y. 296 (1 N. E. 777).

As before stated, the complainant failed, in our opinion, to prove by a preponderance of the evidence the fraud charged in his bill of complaint, and the statements of counsel for complainant in their several briefs reflecting upon counsel for defendant are not only in bad taste, but are not borne out by the record and are deserving of censure.

The decree is reversed and the bill of complaint dismissed, with costs of both courts to defendant.

GRANT, MOORE, McALVAY, and BROOKE, JJ., concurred.